OPINION OF THE COURT
Lewis R. Friedman, J.
Petitioner moves for summary judgment or, in the alternative, for dismissal of the affirmative defenses and counterclaim; respondent cross-moves for summary judgment. This proceeding is a holdover based on respondent’s alleged harboring a pet in violation of the lease.
The parties have been in constant dispute over the "no pet” provision of respondent’s lease. The most recent litigation was settled by stipulation in March 1985. In that stipulation landlord consented to tenant’s keeping a pet in the apartment. "The landlord’s consent and permission to harbor a dog is only for the one dog that she has in accordance with applicable law and in no effect gives the right to the tenant to maintain and harbor the dog in the future if it’s a nuisance. *196 All rights governing harboring future pets shall be governed by applicable law in effect.” It is undisputed that the dog which respondent had in March 1985 died in April 1985. The dog currently in issue in this proceeding was obtained in August 1987; petitioner promptly objected.
The 1985 stipulation was agreed to after the enactment of the Administrative Code of the City of New York § D26-10.10 (now § 27-2009.1). There seems to be little disagreement that for a nearly continuous period from 1959 to 1985 respondent maintained a dog at the premises. Petitioner commenced a holdover based on the dog in August 1983 which he discontinued in October 1984. The next holdover was settled by the 1985 stipulation. Petitioner submits a long brief on the law of res judicata and its application to the 1985 stipulation. Clearly the stipulation does not preclude the current dog, since the stipulation refers to the laws in effect at the time any future pets are "harbored”. The stipulation does, of course, waive any objection except nuisance as to the then existing pet, who had been in the apartment since 1975.
Administrative Code § 27-2009.1 (b) provides that the failure of the landlord to object to the presence of a pet within 90 days and no enforcement action is taken, the "lease provision shall be deemed waived.” (See, Megalopolis Prop. Assn. v Buvron, 110 AD2d 232.) Although the cases are not clear on the point, it appears that the only reasonable reading of the statute is that failure to bring a proceeding constitutes a waiver of the clause in the future. The section refers to a tenant who "harbors or has harbored a household pet or pets”. The inclusion of the past tense can only be meant to refer to situations such as the one at bar. (Cf, Megalopolis Prop. Assn. v Buvron, supra.) Thus, the landlord has effectively waived his right to now enforce the "no pet” clause by his and his predecessor’s long acquiescence.
The court also notes that in this case the clause as written in respondent’s leases from the time that rent stabilization first applied to these premises did not make the "no pet” clause a substantial obligation of the tenancy. The court has analyzed the clause at length in Witkin v Pyles (NYLJ, Dec. 12, 1983, at 18, col 1). Petitioner asserts that the current lease contains a provision which clarifies that the "no pet” clause is a substantial obligation of the tenancy. Insofar as the current lease, signed January 7, 1987, is more restrictive of the tenants’ rights than the prior ones governing this rent-stabilized premise, the terms are unenforceable. Both the present *197 and former Rent Stabilization Codes require renewals on the identical terms and prohibit waiver of their protections. (Former Rent Stabilization Code §60; Rent Stabilization Code [9 NYCRR] 2523.5.) It is also clear that the rider to respondent’s prior lease, dated March 22, 1985, had a subsequently added rider, dated July 14, 1986, by which the parties expressed their positions regarding the "no pet” clause: tenant, that the clause had been waived previously by operation of laws, etc.; landlord, that no pet was permitted.
There is no claim that the dog is a nuisance.
The cross motion by the respondent for summary judgment is granted. The proceeding is dismissed. The motion by petitioner is denied.