OPINION OF THE COURT
Per Curiam.
Final judgment entered July 18, 1989 reversed, with $30 *836 costs, the petition is dismissed and the matter is remanded for the assessment of reasonable attorney’s fees due tenant.
This holdover summary proceeding concerning rent-stabilized premises is based upon the grounds of substantial violation of the lease and illegality of use. The record discloses that landlord let to tenant two contiguous apartments (a one bedroom and a studio, respectively), and permitted tenant to join the two apartments, using one as a residence and the other to conduct an interior decoration business. Civil Court found that landlord had knowledge of the alterations and commercial use for approximately five years prior to the commencement of this proceeding. While it was determined that landlord had thereby waived the claim of breach of a substantial obligation of the lease, a final judgment of possession was awarded to landlord on the ground of tenant’s illegal use of the premises because the joinder of the two apartments was accomplished without obtaining permits from the Department of Buildings.
We agree with Civil Court that landlord’s acquiescence in the use of the premises for commercial purposes for a period of five years while accepting rent from tenant constitutes a waiver of the violation (Atkin’s Waste Materials v May, 34 NY2d 422; Concord Props, v Speier, NYLJ, June 12, 1985, at 11, col 3 [App Term, 1st Dept]). However, we disagree with Civil Court’s failure to sustain said waiver, once determined, on the ground of illegal use. The premises were used throughout as tenant’s residence as well as for the conduct of his business, and were found to have retained their residential character. There was no evidence that the alterations violated health and safety standards nor evidence of injury to the building. Moreover, landlord itself applied for the requisite permits upon being served with a violation notice (1627 Realty Corp. v Moishe’s Moving & Stor., NYLJ, Feb. 28, 1989, at 21, col 1 [App Term, 1st Dept]), and the premises are no longer used commercially in any substantial sense. Consequently, we perceive no compelling policy reason to disregard landlord’s waiver (57 NY Jur 2d, Estoppel, Ratification, and Waiver, §§ 78-79). Accordingly, the petition is dismissed and the matter remanded to the Civil Court for the assessment of reasonable attorney’s fees to tenant, contingent upon the production of the lease or leases between the parties providing for recovery of attorney’s fees by landlord (Real Property Law § 234).
Ostrau, P. J., Sandifer and McCooe, JJ., concur.