■ ROSALYN BAUMRIND, Respondent, v LINDA FIDELMAN, Appellant.—Order, Supreme Court, Appellate Term, First Department, entered August 9, 1991, which reversed an order of the Civil Court, New York County (Mark H. Spires, J.), entered February 28, 1991, granting respondent's motion to dismiss this holdover proceeding, affirmed, without costs.

Administrative Code of the City of New York § 27-2009.1 (b) (formerly § D26-10.10) requires that a no-pet clause in a lease be enforced through a proceeding commenced within three months after the tenant begins openly and notoriously keeping the pet. Here, a proceeding was commenced within such three-month period, but process was not properly served on the tenant. The parties stipulated to discontinue the proceeding without prejudice, whereupon landlord promptly re-served tenant properly, albeit not within three months of her first learning of the pet.

The right to enforce the no-pet clause is waived for a

"failure to bring a proceeding" *(Brown v Johnson,* 139 Misc 2d 195, 196). Here, the City Council was expressly concerned with landlords who make no attempt to enforce their rights under a no-pet clause for a long time, and then do so for bad faith reasons. There is no indication that landlord here had not acted diligently, only that she acted in a procedurally defective manner. Overly literal interpretation of legislative language will not be given excessive weight when to do so will result in a great inconvenience or will produce inequality, injustice or absurdity *(Zappone v Home Ins. Co.,* 55 NY2d 131, 137). We agree with the Appellate Term that such would be the result of an overly literal interpretation of "commence a * * * proceeding." (Administrative Code § 27-2009.1 [b].) Concur—Sullivan, J. P., Milonas, Ross and Smith, JJ.

Kupferman, J., dissents and would reverse for the reasons stated by Housing Court Judge Mark H. Spires.