■ BOARD OF MANAGERS, Appellant, v ANTHONY LAMON-TANERO et al., Respondents. [616 NYS2d 744] —In an action, *inter alia,* for a permanent injunction, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated April 17, 1992, which denied its motion for a preliminary injunction, granted the branch of the defendants' motion which was for summary judgment dismissing the complaint, and awarded the defendants $4,500 in counsel fees.

Ordered that the order is affirmed, with costs.

The issues presented on this appeal are whether the Administrative Code of the City of New York § 27-2009.1 (former § D26-10.10), known as the "Pet Law," is applicable to condominiums and whether the failure of the plaintiff to commence an action to enforce a "no-pet" clause in the rules and regulations of the condominium within the statutory three-month period resulted in a waiver of its right to enforce the provision.

Although section 27-2009.1 of the Administrative Code does not specifically include or exclude condominiums, it is conceded to apply to multiple dwellings that consist of rental apartments and it has been applied to residential cooperative buildings *(see, Linden Hill No. 1 Coop. Corp. v Kleiner,* 124 Misc 2d 1001). We note that the framers of article 27 of the Administrative Code specifically excluded buildings owned and managed by the New York City Housing Authority from the ambit of the legislation. Thus, had it chosen to do so, the City Council could easily have broadened the exclusion or more specifically identified other structures not intended to be covered by article 27 *(see,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 74, 240; see also, *Corlear Gardens Hous. Co. v Ramos,* 126 Misc 2d 416).

The legal status of the occupant of a multiple dwelling unit (i.e., whether he pays rent, owns cooperative shares, or is the

owner in fee simple of a condominium unit) is not relevant to the purposes of the statute, which include preventing abuses in the enforcement of covenants prohibiting the harboring of household pets and preventing the retaliatory eviction of pet owners for reasons unrelated to the creation of a nuisance.

We conclude that it would be pernicious to create an exception for condominiums from the generally beneficial requirements of article 27 of the Administrative Code. In addition to substantive harms, an exception for condominiums could lead to anomalies such as permitting the tenant of a condominium owner to invoke the protection of the "Pet Law," while the condominium owner himself could not.

Since the provisions of Administrative Code § 27-2009.1 apply, the plaintiff was obliged to commence its action within three months of discovering that the defendants were keeping a dog or waive its right to do so. The present action was commenced on July 29, 1991. The plaintiff was aware of the presence of the dog on either April 21, 1991 (according to the defendants), or on April 28, 1991 (according to the plaintiff). In either event, the plaintiff's action was not timely commenced (see, *Linden Hill No. 1 Coop. Corp. v Kleiner,* 124 Misc 2d 1001, *supra).*

Finally, according to article XVIII, § 3 of the condominium's Declaration, the defendants are entitled to recover reasonable attorneys' fees because they have prevailed in an action in which they were accused of a default in complying with the condominium's rules and regulations by the Board of Managers. Joy, Hart and Friedmann, JJ., concur.

Bracken, J. P., dissents and votes to reverse the order appealed from, to deny that branch of the defendants' motion which was for summary judgment dismissing the complaint, and to grant the plaintiff's motion for a preliminary injunction, with the following memorandum: The defendants are the owners of a condominium unit located at 149-30 88th Street, Howard Beach, N. Y. They are bound by the condominium's rules and regulations, paragraph 16 of which states, "No animals of any kind shall be kept or harbored in the premises." The defendants admittedly violated this rule when, on April 21, 1991, they adopted a dog named Petie.

The present action is one for a permanent injunction "restraining the defendants * * * from keeping, harboring or maintaining any dog in the defendants' apartment." The defendants served an answer which contains several counterclaims. The plaintiff, the Board of Managers of the condomin-

ium in question, made a motion for a preliminary injunction. The defendants made a cross motion for an order (1) granting summary judgment dismissing the plaintiff's complaint, (2) severing the defendants' counterclaims for monetary damages, (3) disqualifying plaintiff's attorneys, and (4) awarding counsel fees.

The Supreme Court held that the defendants were protected by the terms of section 27-2009.1 (b) (former § D26-10.10) of the Administrative Code of the City of New York (see generally, Baumrind v Fidelman, 183 AD2d 635; Megalopolis Prop. Assn. v Buvron, 110 AD2d 232; Brown v Johnson, 139 Misc 2d 195; Park Holding Co. v Lavigne, 130 Misc 2d 396).

Pursuant to section 27-2009.1 (b) of the Administrative Code, an owner of a multiple dwelling is barred from enforcing any "lease provision prohibiting the keeping of * * * household pets" when the tenant against whom such enforcement is sought is shown to have openly and notoriously harbored the pet in question for more than three months. In this case, the defendants claim that their harboring of Petie was, in fact, open and notorious for more than three months. Crediting this claim and applying section 27-2009.1 (b) of the Administrative Code, the Supreme Court denied the plaintiff's motion for a preliminary injunction and granted the defendants' cross motion to the extent of dismissing the complaint and awarding $4,500 in attorneys' fees. I would reverse.

The Supreme Court's extension of the terms of section 27-2009.1 (b) of the Administrative Code to the facts of the present case, however appealing it may be as a matter of human-canine sentimentality, is totally unjustified as a matter of law. It has been consistently held that, for the purposes of statutory construction, the owner of a condominium unit is not a tenant and the manager of a condominium building is not a landlord (e.g., Frisch v Bellmarc Mgt., 190 AD2d 383; First N. Y. Bank for Bus. v 155 E. 34 Realty Co., 158 Misc 2d 658; People v Board of Mgrs., 123 Misc 2d 188). "The characteristics of condominium ownership are individual ownership of a unit * * * and an agreement among unit owners regulating the administration and maintenance of the property" (All Seasons Resorts v Abrams, 68 NY2d 81, 90-91; see also, Real Property Law § 339-d et seq.; Frisch v Bellmarc Mgt., supra; Schoninger v Yardarm Beach Homeowners' Assn., 134 AD2d 1). By its terms, section 27-2009.1 (b) of the Administrative Code protects only those pet owners who, unlike the defendants, may properly be categorized as tenants.

The distinction between multiple dwellings that consist of

rental apartments, on the one hand, and multiple dwellings that consist of condominium units, on the other, is not an idle one. It is clear from the terms of the Administrative Code itself (see, Administrative Code § 27-2009.1 [a]) that the lawmakers were not as concerned with the promotion or facilitation of pet ownership, in and of itself, as with the prevention of retaliatory evictions. The lawmakers' primary purpose was to prevent landlords, whose real motivation might be different, from using pet ownership as a pretext for evicting their tenants. There is no corresponding risk of pretextual eviction in the case of condominium ownership. Thus, the strained interpretation of section 27-2009.1 (b) of the Administrative Code advocated by the Supreme Court and by my colleagues in the majority cannot be justified on the premise that a literal construction of the law would frustrate the legislative intent.

For these reasons, I dissent and vote to reverse the order appealed from, to reinstate the complaint, and to grant the plaintiff's motion for a preliminary injunction.