*134 OPINION OF THE COURT
Per Curiam.
Order entered July 19, 1995 reversed with $10 costs, tenants’ cross motion for summary judgment is denied, and landlord’s motion for summary judgment on the holdover petition is granted. The matter is reminded to the Civil Court for a hearing to determine the amount of use and occupancy and reasonable attorney’s fees due landlord.
At the inception of their rent-stabilized tenancy, tenants executed a lease with an enforceable no-pet rider in which they acknowledged that the harboring of pets was prohibited "during the entire time” they occupied the apartment premises. Tenants further agreed that "any violation” of this prohibition would constitute a default entitling landlord to cancel the lease. It is undisputed that tenants began keeping a dog in the premises in 1987, and that landlord waived that lease violation by failing to timely object or bring eviction proceedings. Upon the death of this dog in 1994, tenants obtained a new dog. Landlord immediately objected to the presence of the second dog and, after service of a notice to cure and notice of termination, commenced holdover proceedings within three months after learning of the breach of lease.
Upon respective motions for summary judgment, Civil Court dismissed the petition on the rationale that once the no-pet provision of the lease was waived under Administrative Code of the City of New York § 27-2009.1 (the Pet Law), it was waived for "the specific tenancy in issue” so long as it continues.
The Pet Law was enacted to protect pet owners from retaliatory eviction in circumstances where a landlord, "knowing that a tenant has a pet for an extended period of time”, seeks to utilize a no-pet clause as a pretext for eviction (Administrative Code § 27-2009.1 [a]). Thus, where a tenant harbors a pet and the owner, with knowledge of this fact, fails to enforce a lease provision prohibiting the keeping of pets, "such lease provision shall be deemed waived” (Administrative Code § 27-2009.1 [b]). The law does not, however, purport to negate a landlord’s right to enforce a no-pet provision where no waiver has occurred (see discussion of legislative history in Megalopolis Prop. Assn. v Buvron, 110 AD2d 232, 236-237).
We disagree with Civil Court’s overly broad construction that a one-time waiver of the lease precludes enforcement of the no-pet clause for the entire duration of a tenancy or for *135 each successive unauthorized pet. Absent express language in the Pet Law, a second lease violation should not be "deemed waived” because landlord acquiesced in or waived the first. To the contrary, the parties’ original lease (as renewed) contained a standard provision to the effect that landlord’s failure on a previous occasion to take any action for violation of the lease terms "shall not prevent a subsequent act of Tenant of a similar nature from being a violation of the lease” (para 25). The provisions of the Pet Law do not supersede or vitiate a "no waiver” clause where landlord has promptly objected to the subsequent violation. Any waiver under the law is more properly limited to existing pets which are part of the household; it is not reasonably extended to future pets which were not yet in the premises (Park Holding Co. v Diamond, NYLJ, Dec. 21,1994, at 23, col 1 [Civ Ct, NY County]; cf., Brown v Johnson, 139 Misc 2d 195).
Finally, no genuine factual issue of bad faith or harassment by landlord has been demonstrated. Tenants are charged with knowledge that their lease rider proscribed the harboring of pets "irrespective of what the situation may be with any other tenant or tenants currently in the building.” The record shows that landlord objected to the tenants’ new dog within two days of its introduction to the premises. This is not a case, as contemplated by the Pet Law, where the landlord is taking advantage of a tenant’s long-term attachment to a pet as a means to obtain an eviction.
We have considered tenants’ argument that this appeal has been rendered moot and find it to be without merit. Since there has been no waiver under the statute, which is the sole defense to the petition, landlord’s motion for summary judgment is granted. In light of the attorney’s fees clause in the no-pet rider, the matter is remanded to Civil Court for a hearing to determine the reasonable attorney’s fees incurred by landlord in the successful prosecution of this proceeding, and a determination of any outstanding use and occupancy.
Issuance of the warrant is stayed for 10 days after service of a copy of this order with notice of entry so that tenants may cure the breach of lease (RPAPL 753 [4]).
Parness, J. P., McCooe and Freedman, JJ., concur.