OPINION OF THE COURT
Emily Jane Goodman, J.
*623 In this action, plaintiff Gregg H. Raderman (Raderman) moves for an order enjoining defendant Talia Management Co. (Talia Management) from evicting Raderman from his parking space at 200 Corbin Place in Brooklyn. Raderman is a resident shareholder of a residential cooperative located at 200 Corbin Place and is a member of the co-op’s board of directors and an officer (i.e., president). He also leases a parking space in the building’s parking garage. Raderman claims that defendant Talia Management Co., the landlord for the parking space, is controlled by defendant Jonathan Wiener, who is a principal and partner of defendant Wiener Realtors, which controls defendant Corbin Realty Co.
On March 20, 1996 Raderman was served with a notice of eviction from his parking space. Raderman alleges that the eviction is taken in retaliation for his involvement in a shareholders’ derivative action against the co-op and sponsor and for his involvement in the co-op board’s decision to terminate Talia’s management contract. At the January 1996 co-op board meeting Raderman voted with the majority of the board to terminate the co-op’s management contract with Talia. Defendants, all represented by the same law firm, cross-move to dismiss the complaint. Mr. Raderman was the only shareholder involved in the shareholders’ derivative action who had a parking space in the garage.
The court held a hearing on June 14, 1996 to determine the motions. Upon hearing the evidence, particularly the testimony of defendants’ principal Jonathan Wiener, it is clear to the court that plaintiff has made a sufficient showing to warrant the granting of a preliminary injunction pending final determination of this case on the merits. Real Property Law § 223-b prohibits landlords from attempting to evict tenants for actions taken in good faith by a tenant to secure or enforce any rights under a lease. Courts have held that proprietary lessees are entitled to the same statutory protections afforded to "non-investing, ordinary tenant[s]”. (Suarez v Rivercross Tenants’ Corp., 107 Misc 2d 135, 139 [1981] [Real Property Law § 235-b is applicable to cooperative apartments].) Similarly, in Linden Hill No. 1 Coop. Corp. v Kleiner (124 Misc 2d 1001, 1004 [Civ Ct, Queens County 1984]), in applying Administrative Code of the City of New York former § D26-10.10, the court stated that "the relationship between a shareholder-tenant and the cooperative is akin to that of landlord and tenant.” This case was followed by the Second Department in Board of Mgrs. v Lamontanero (206 AD2d 340 [2d Dept 1994]), which applied the *624 "pet law” (now Administrative Code § 27-2009.1). There the court said that because the purpose of the statute is to protect tenants from abuses in enforcement of "no-pet” clauses and to prevent retaliatory eviction, the legal status of the occupant of a multiple dwelling unit is not relevant. (Board of Mgrs. v Lamontanero, supra, at 341.) In Wall St. Transcript Corp. v Finch Apt. Corp. (148 Misc 2d 181 [Civ Ct, NY County 1990]), which dealt with a petition for the appointment of an administrator under RPAPL article 7-A, the court held that co-op shareholder tenants as well as nonpurchasing tenants were all "tenants” in the application of RPAPL article 7-A. The court also went on to say that although sometimes shareholder tenants may have different interests than other tenants, where, as here, there is no difference in interests, a distinction should not be drawn. (Wall St. Transcript Corp. v Finch Apt. Corp., supra, at 184.) As Real Property Law § 223-b also is a tenant protection statute, it should apply equally to tenant-shareholders in residential cooperatives.
Plaintiff here alleges that his actions as a member of the co-op board were taken to secure or enforce his rights under his proprietary lease. Defendants argue that plaintiffs claim for retaliatory eviction cannot stand because Talia Management is the landlord of the parking space, not of the cooperative. However, the testimony at trial indicated that it is likely that plaintiff will show at trial that Talia, 200 Corbin Place and other of Wiener’s companies are, in fact, one entity for these purposes. The court also finds that the prohibition in Real Property Law § 223-b against a landlord’s attempting to evict tenants in retaliation for good-faith enforcement of rights extends to the eviction from the parking space. Real Property Law § 223-b (2) prohibits a landlord from "substantially altering] the terms of the tenancy in retaliation for any actions set forth in paragraphs a, b, and c * * * Substantial alteration shall include, but is not limited to, the refusal to continue a tenancy of the tenant or, upon expiration of the tenant’s lease, to renew the lease or offer a new lease”.
The court has not found any cases interpreting "substantial alteration” under this statute. However, it is clear from the express wording of the statute that a landlord’s refusal to continue the tenancy itself is but one example of substantial alteration. In this case, the testimony at the hearing indicates that if defendants are permitted to lease the valuable parking space to another tenant, plaintiff will not be able to park his car. When plaintiff purchased his co-op, he anticipated having *625 a space to park his car, clearly an essential service and substantial term of a tenancy in this city.
Thus, plaintiff has shown likelihood of success on the merits. Additionally, plaintiff has shown irreparable harm since, if defendants are permitted to lease the valuable parking space to another tenant, plaintiff will not have any place to park his car and monetary damages are not a sufficient remedy for that injury in this city. The balance of the equities clearly are in plaintiff’s favor and any prejudice to defendants, if any, would be solely monetary.
For the foregoing reasons, defendants’ cross motion to dismiss is denied and the motion for a preliminary injunction is granted to the extent discussed above.