■ Board of Managers of the Parkchester North Condominium, on Behalf of its Unit Owners, Respondent, v Nicholas Quiles et al., Appellants. [651 NYS2d 36] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered October 17, 1995, which granted plaintiff condominium's motion to reargue its prior motion for summary judgment permanently restraining defendants from harboring dogs or other pets in their unit, and upon reargument, granted the motion and directed defendants to remove all dogs and other pets from the premises, unanimously affirmed, without costs.

Reargument was properly granted on the basis of a decision of a Judge of coordinate jurisdiction, in a case involving not only the same issue but the same plaintiff, rendered shortly after the original order. Clearly, consistency between the decisions was warranted. On the merits, we agree that the Pet Law (Administrative Code of City of NY § 27-2009.1 [a]), which refers only to "covenants contained in multiple dwelling leases", is not applicable to condominiums, which are a form of fee ownership (*Frisch v Bellmarc Mgt.*, 190 AD2d 383). We disagree with the Second Department that condominiums should be deemed covered by the Pet Law because not explicitly excluded (*see, Board of Mgrs. v Lamontanero*, 206 AD2d 340). It was because of the singular reference to leases or rental agreements in the warranty of habitability (Real Property Law § 235-b) that we likewise refused to apply it to condominiums (*Frisch v Bellmarc Mgt.*, *supra*, at 388). Concur—Murphy, P. J., Sullivan, Milonas, Rubin and Andrias, JJ.