OPINION OF THE COURT
Colleen D. Duffy, J.
Petitioner commenced a holdover proceeding seeking possession of respondents’ premises at 485 Gramatan Avenue, apartment 5D, Mount Vernon, New York, based on allegations that *409 respondents had added a new dog to their household in violation of the lease term prohibiting pets. Respondents contend that petitioner has waived the “no pet clause” of their lease and therefore they are entitled to retain the new pet and possession of the premises.
A nonjury trial was held on March 4, 1999. After receiving evidence and hearing testimony, the court finds as follows:
Respondents contend and petitioner does not dispute that, notwithstanding any “no pet” lease provision, respondents resided in the premises with four dogs for several years. Petitioner does not dispute that, pursuant to Local Laws, 1988, No. 8 of the County of Westchester chapter 694.11,* the “no pet” lease provision in respondents’ lease was waived with respect to those four dogs. However, petitioner contends that it did not waive and has not waived its right to object to any new dog that respondents move into the premises.
Respondents apparently contend that the “no pet” waiver applies to any pet they may add to the household as long as the number of the pets (four) that they have at any given time does not increase.
Pursuant to the holding of Park Holding Co. v Emicke (168 Misc 2d 133 [App Term, 1st Dept 1996]), respondents’ contention is without merit. In Park Holding, the Appellate Term, First Department, in construing the New York City Pet Law (Administrative Code of City of NY § 27-2009.1), which is virtually identical to the applicable Westchester County law, held that “[a]ny waiver under the law is more properly limited to existing pets which are part of the household; it is not reasonably extended to future pets which were not yet in the premises”. (Park Holding Co. v Emicke, at 135.)
There, the court found that, although the tenants had enjoyed a waiver of the “no pet” clause of their lease with respect to their former dog, upon its death and their obtaining of a new dog, the landlord was within his rights under the lease to object to the new dog and serve a notice to cure and notice of *410 termination and commence a special proceeding within a three-month time frame after learning of the breach of the lease. The court expressly rejected the respondents’ contention that once the “no pet” lease provision was waived, it was waived for the duration of the tenancy at issue. (Park Holding Co. v Emicke, supra.)
Here, respondents harbored four dogs in the premises for several years. In 1998, one of the dogs died. Accordingly, this court finds that the petitioner was well within his rights to timely object to the presence of any new dogs or pets that were thereafter added to the household.
With respect to the issue of whether petitioner timely objected to the new dog that respondents added to their household, the court finds that more than three months had elapsed since the petitioner’s knowledge of the new dog in respondents’ apartment and the service and filing of the petition and notice of petition. (See, Palmer House Owners Corp. v Brennan, NYLJ, Nov. 15, 1995, at 38, col 1 [New Rochelle City Ct 1995].) Accordingly, pursuant to Local Laws, 1988, No. 8 of the County of Westchester chapter 694.11, the provision in the lease prohibiting the new dog is deemed waived.
A “time line” taken from the pleadings and evidence and testimony discloses the following chronology:
July 1, 1993 — Respondents move into the premises.
From 1993-1996 — Respondents acquire four dogs.
May 1996 — Petitioner acquired ownership of the premises; at the time respondents had four dogs in the premises: Maggie, Sean, Kallie and Max.
In 1998 — Maggie dies.
July 1998 — Respondents add a puppy to household to train for breeder; respondents contend puppy was only temporary.
July 27, 1998 — Landlord sends respondents notice to cure with respect to the new dog.
August 10, 1998 — Respondents allegedly remove the puppy from household.
August 25,1998 — Respondents contend in writing to landlord that they cured the violation by removing puppy from household on August 10, 1998; represent to landlord that puppy will reside at a new home.
Week of August 25, 1998 — Respondents obtain new dog “Emmie”.
December 10, 1998 — Petitioner sends notice to cure and/or vacate to respondents objecting to the new dog.
*411 February 5, 1999 — Petitioner serves respondents and State of New York Division of Housing and Community Renewal with notice of petition and petition for holdover with respect to the harboring of the new dog in violation of the lease provision.
Although petitioner served a notice to cure and/or vacate on respondents in July 1998 when a new puppy had been added to the household, petitioner failed to commence an action or summary proceeding to enforce the lease provision within three months of learning of such dog. (Indeed, such an action would have been moot as respondents credibly testified that that matter was cured.)
Nonetheless, petitioner’s agent, Christopher DeFeo, testified that he believed that the dog currently in the apartment was the same dog that had been added to the household in July 1998. With such a belief, it was incumbent upon petitioner to commence an action or special proceeding on or before October 1998 to comply with the time requirements of Local Laws, 1988, No. 8 of the County of Westchester.
However, respondent Kim McNamara credibly admitted that the dog actually at issue in this proceeding is a dog that respondents moved into the premises shortly after the puppy was removed. Ms. McNamara credibly testified that the puppy only temporarily was housed in the premises and was removed from the premises on August 10, 1998. Ms. McNamara also credibly testified that the new dog “Emmie” joined their household in the third week of August 1998.
Although the presence of a new dog subsequent to the puppy began another three-month window in which petitioner could have commenced an action objecting to the presence of the new dog, petitioner failed to do so within the statutorily allotted time frame.
With respect to the new dog which began residing with respondents in late August 1998, petitioner was obligated to commence this special proceeding no later than late November 1998. (See, Palmer House Owners Corp. v Brennan, supra [commencement of action pursuant to Local Laws, 1988, No. 8 of the County of Westchester defined to mean service of notice of petition and petition on respondents, not date of notice terminating tenancy].) Petitioner did not do so.
Moreover, respondents’ written communications to petitioner regarding the puppy having vacated the premises do not extend the timetable in which petitioner was required to commence an action objecting to the new dog that began residing in the premises after the puppy was removed.
*412 Respondents’ credible testimony revealed that there really were only a few short weeks when there was no new dog on the premises. Even if petitioner reasonably relied on respondents’ representations about the puppy to mean only three dogs remained in the premises, petitioner reasonably knew or should have known before November 1998 of the existence of the extra new dog.
As an initial matter, there was no evidence to indicate that respondents’ harboring of the new dog which replaced the puppy was not open and notorious. Moreover, petitioner’s agent Mr. DeFeo testified that he is in the building three or four times a day. Mr. DeFeo also admitted that the tenants have taken the dogs in and out of the building elevator. Mr. DeFeo’s testimony that he only found out about the new dog in November of 1998 when it had been in the premises since August was not credible.
Accordingly, this court finds that respondents openly and notoriously harbored the new dog since August 1998 and that the exercise of ordinary diligence by petitioner certainly would have revealed the fact of the dog’s existence in the premises well before November 1998. Therefore, petitioner knew or should have known of the existence of the new dog before November 1998. As this action was commenced in February 1999, well after the three-month statutory requirement, this court finds that petitioner has waived the lease clause prohibiting pets with respect to this new dog.
The petition is dismissed with prejudice.

 Local Laws, 1988, No. 8 of the County of Westchester chapter 694.11 states in relevant part: “Where a tenant in a multiple dwelling openly and notoriously for a period of three months or more following taking possession of a unit, harbors or has harbored a household pet or pets, the harboring of which is not prohibited by the health code of Westchester County or any other applicable law, and the owner or his or her agent has knowledge of this fact, and such owner and/or agent fails within this three month period to commence a summary proceeding or action to enforce a lease provision prohibiting the keeping of such household pets such lease provision shall be deemed waived.”