OPINION OF THE COURT
Laurie L. Lau, J.
Petitioner commenced this holdover summary proceeding against respondents, Constance and Ricardo Vecilla, the rent- *69 stabilized tenants of apartment 2L (Apartment) in the building located at 350 East 62nd Street in Manhattan (Building) alleging respondents’ breach of á substantial obligation of their lease by causing the Apartment to undergo alterations without the petitioner’s prior consent. In its decision and order dated March 26, 1999, this court dismissed the petition finding that although respondents made alterations to the Apartment, petitioner had waived its right to object and, in either event, that the Apartment could be restored to its original condition upon respondents’ vacatur of the Apartment.
Respondents now move for an award of attorneys’ fees on the grounds that they are the prevailing party and there is no dispute that the 'parties’ lease contains a valid clause for attorneys’ fees.
Petitioner argues that respondents are not entitled to attorneys’ fees as they ultimately did not prevail since the court also found that respondents breached their lease by making alterations to the Apartment without petitioner’s consent.
When determining whether a party has prevailed, the court must consider the true scope of the dispute litigated followed by a comparison of what was achieved within that scope. (Excelsior 57th Corp. v Winters, 227 AD2d 146 [1st Dept 1996].) A consideration of what was achieved also must take into account the underlying rationale behind awards of attorneys’ fees as was set forth by the Court of Appeals in Duell v Condon (84 NY2d 773, 780 [1995]): “The overriding purpose of Real Property Law § 234 was to level the playing field between landlords and residential tenants, creating a mutual obligation that provides an incentive to resolve disputes quickly and without undue expense. The statute thus grants to the tenant the same benefit the lease imposes in favor of the landlord. An additional purpose, particularly relevant in cases in which the tenancy is governed by the emergency rent laws, is to discourage landlords from engaging in frivolous litigation in an effort to harass tenants, particularly tenants without the resources to resist legal action, into terminating legal occupancy.”
In holdover proceedings, the question of which party prevailed is more easily ascertainable inasmuch as it is the party who proves by a preponderance its case. This point best is illustrated in 1 Bk St. Corp. v Blasini (NYLJ, June 30, 1999, at 26, col 2 [App Term, 1st Dept]). There, the trial court dismissed a nuisance proceeding but characterized the evidence as “ ‘equally split 50/50’ ” and “ ‘all the parties [were] credible.’ ” (Supra, at 26, col 2.) The Appellate Term found that *70 the dismissal meant that the petitioner had failed to prove its case and, therefore, respondents were the prevailing parties.
There is, however, one area of holdover proceedings where the determination of which party prevailed is not straightforward. That is where, as here, the court finds that although a tenant may have breached a substantial violation of the parties’ lease, the law nevertheless does not provide for the tenant’s eviction.
The appellate courts have addressed this problem in Ram I v Stuart (248 AD2d 255 [1st Dept 1998]), Giddings v Waterside Redevelopment Co. (NYLJ, June 30, 1998, at 26, col 1 [App Term, 1st Dept]), Ariel Assocs. v Brown (NYLJ, Apr. 14, 1999, at 26, col 2 [App Term, 1st Dept]), as well as El-Kam Realty Co. v Epstein (148 Misc 2d 835 [App Term, 1st Dept 1990]).
In Ram (supra), the Appellate Division affirmed the denial of attorneys’ fees to the tenant despite the dismissal of the landlord’s petition finding that although the tenant’s violation of the “no alterations” clause of the parties’ lease was not significant enough to grant the landlord possession, it was a breach, nonetheless, warranting denial of attorneys’ fees to the tenant. In its denial, the Appellate Division held: “Denial of tenants’ application for counsel fees where tenants’ breach of the lease, albeit minor, was established, was also appropriate.” (Supra, at 256 [emphasis added].)
In Giddings (supra), the tenant was not awarded attorneys’ fees even though the landlord failed to obtain possession because it was found that the tenant did substantially violate her lease. In its denial, the Appellate Term held: “Given the express administrative finding of the tenant’s multiple, substantial subletting violations, it would be manifestly unfair to require the defendant-landlord to pay tenant’s attorney’s fees.” (Supra, at 26, col 2; emphasis added.)
In Ariel Assocs. (supra), the tenant was not awarded attorneys’ fees where the court found that an alleged rent overcharge in connection with an unauthorized sublease of an apartment did not rise to the level of profiteering to warrant forfeiture of the tenancy. In its denial, the Appellate Term held: “We further agree that in light of tenant’s conduct, an award of attorneys’ fees in their favor was not appropriate.” (Supra, at 26, col 3; emphasis added.)
In each of these cases neither the tenants nor the landlords were found to have prevailing party status; thus, no party was awarded attorneys’ fees. In each of these cases, the appellate *71 courts framed the denial of attorneys’ fees to the tenants in terms of equitable considerations.
However, in El-Kam Realty (supra), the landlord rented to the tenant two contiguous apartments and permitted the tenant to join them, with the tenant using one as a residence and one for commercial purposes. Five years later, the landlord commenced eviction proceedings based upon grounds of substantial violation of the lease and illegal use. The trial court found that the landlord had knowledge of the alteration and waived the claimed breach of the substantial violation of the lease. However, the court awarded the landlord possession based on the tenant’s illegal use. The Appellate Term agreed with the trial court’s determination of waiver but found that the waiver also should have extended to the illegal use. It awarded the tenant attorneys’ fees holding: “[W]e perceive no compelling policy reason to disregard landlord’s waiver * * * Accordingly, the petition is dismissed and the matter remanded to the Civil Court for the assessment of reasonable attorneys’ fees to tenant” (supra, at 836 [citations omitted; emphasis supplied]).
These cases illustrate that this type of holdover proceeding is one where the court, in examining the true scope of the disputed litigation and the result achieved, must exercise some measure of discretion and that such exercise sparely should be made. (See, e.g., Lazaroff v Skibinski, NYLJ, July 18, 1996, at 25, col 4 [App Term, 2d & 11th Jud Dists].)
In this proceeding, petitioner was not granted possession of the Apartment despite respondents making alterations to the Apartment in violation of the parties’ lease. It is not the prevailing party. The court finds, however, that this case can and should be distinguished from Ram, Giddings, and Ariel Assocs. (supra), that the rationale of El-Kam Realty (supra) should be followed here, and that its discretion should be exercised with respondents accorded prevailing party status.
The credible evidence at trial established clearly that petitioner waived long ago its right to object to respondents’ violation of their lease. Indeed, respondent’s husband credibly testified that he assisted the superintendent making similar alterations to other apartments in the Building and, after having done so, himself improved the design for the alterations which he performed in the Apartment. Notwithstanding this long-term waiver, petitioner sought recovery of the Apartment forcing respondents to incur attorneys’ fees to prevent their eviction. It is this long-term element of waiver by petitioner *72 that renders respondents the prevailing party entitling them to reasonable attorneys’ fees.
Accordingly, respondents’ motion is granted for the reasons set forth above.