OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
After prevailing on landlord’s holdover petition based on tenants’ violation of a lease provision barring the harboring of an animal, tenants, who interposed no attorney’s fees demand in their answer or in their successful motion for summary judgment (see Real Property Law § 234), moved for an order granting this relief two years later and without explanation for the delay. Even if the relief is not precluded as untimely (see Monacelli v Farrington, 240 AD2d 296, 297 [1997]), upon a review of the merits, we find that a fees award would be improvident.
Narrowly construing Real Property Law § 234 which is in derogation of the common-law rule “disfavoring any award of attorney’s fees to the prevailing party in a litigation” (Gottlieb v Laub & Co., 82 NY2d 457, 464 [1993]), attorney’s fees should be awarded only where the party has truly prevailed and in circumstances that do not impair the underlying policy rationale of Real Property Law § 234 (Cier Indus. Co. v Hessen, 136 AD2d 145, 151 [1988]; e.g. Solow v Wellner, 205 AD2d 339, 340 [1994]; 205 Third Ave. Ownership v Ziegler, NYLJ, Apr. 21, 1993, at 22, col 5 [Civ Ct, NY County]). Tenants conceded that they harbored their dog at the outset of their tenancy, in knowing and blatant violation of the terms of their lease (Rivercross Tenants Corp. v Galateau, NYLJ, Nov. 2, 1990, at 21, col 2 [App Term, 1st Dept]), and prevailed solely upon landlord’s failure to commence the proceeding within the prescribed three-month period (New York City Housing Maintenance Code [Administrative Code of City of NY] § 27-2009.1 [b]), and after settlement negotiations, albeit of disputed significance (cf. Park Holding Co. v Lavigne, 130 Misc 2d 396, 397 [App Term, 1st Dept 1985]). Although tenants also interposed a defense of waiver by acquiescence, which was never litigated on the merits, we nevertheless conclude that landlord’s written protest of the breach, which issued seven weeks after the tenancy’s commencement, supports the inference that an actual violation precipitated this litigation (360 Clinton Ave. *35 Tenants Corp. v Fatsis, NYLJ, July 21, 1997, at 30, col 1 [App Term, 2d & 11th Jud Dists]) for which tenants, despite their successful defense of the petition, should not he rewarded with attorney’s fees (Murphy v Vivian Realty Co., 199 AD2d 192, 195 [1993]; Giddings v Waterside Redevelopment Co., NYLJ, June 30, 1998, at 26, col 1 [App Term, 1st Dept]; 205 Third Ave. Ownership v Ziegler, supra).
Pesce, EJ., Patterson and Rios, JJ., concur.