■ H.M. VILLAGE REALTY, Appellant, v KEN CACCAVALE, Respondent. [773 NYS2d 543]—

Judgment, Supreme Court, New York County (Steven Liebman, Special Ref.), entered December 6, 2002, which, to the extent appealed from as limited by the briefs, awarded defendant legal fees and costs, unanimously affirmed, without costs. Appeal from order, same court (Emily Goodman, J.), entered on or about September 25, 2000, granting defendant's motion for summary judgment dismissing the complaint and denying plaintiff's cross motion for summary judgment, unanimously dismissed, without costs.

Plaintiff is the landlord of premises at 39 Jane Street in Manhattan, where defendant tenant has resided since 1974. The dispute arises out of an illegal alteration defendant allegedly made to his apartment in 1979 by enlarging an existing balcony.

The broad reading accorded to Real Property Law § 234 warrants recovery of legal fees by the tenant herein (*see Lynch v Leibman*, 177 AD2d 453 [1991]). While defendant's breach of the lease in making unauthorized alterations must be taken into consideration in determining the appropriateness of an award of legal fees (*see Ram I v Stuart*, 248 AD2d 255 [1998]), plaintiff's knowledge of, and acquiescence in, the construction of the balcony extension operated as a waiver (*see 350 E. 62nd St. Assoc. v Vecilla*, 182 Misc 2d 68 [1999]). Defendant's counterclaim for attorneys' fees was not extinguished upon dismissal of the landlord's main claim. Concur—Buckley, P.J., Nardelli, Saxe and Marlow, JJ.