OPINION OF THE COURT
Memorandum.
In this holdover proceeding predicated on a claim that tenant Norma Schwartz and undertenant Marc Schwartz (hereinafter tenants) had violated their proprietary lease by harboring a dog without landlord cooperative corporation’s consent, tenants moved to dismiss the petition and for an award of attorney’s fees, asserting that they had harbored the dog openly and notoriously for more than three months and were thus protected under the New York City Pet Law (Administrative Code of City of NY § 27-2009.1). In opposition, landlord asserted that it had forborne from commencing this proceeding because it had relied, to its detriment, on a request by tenants for a period of three weeks to resolve the issue. The Civil Court granted the branch of tenants’ motion seeking to dismiss the petition but denied the branch of their motion seeking attorney’s fees. Tenants appeal from the denial of attorney’s fees, and landlord cross-appeals from the dismissal of the petition. We affirm.
Notwithstanding landlord’s claim that it refrained from commencing proceedings based on its reliance on tenants’ assurance that the matter would be resolved, landlord’s failure to commence the proceeding within three months constitutes a *60 waiver of its no-pet provision (Administrative Code § 27-2009.1; see Seward Park Hous. Corp. v Cohen, 287 AD2d 157, 162-163 [2001]; Riverdale Park Corp. v McDermott, NYLJ, May 8, 2002, at 22 [Civ Ct, Bronx County]). Moreover, even assuming, as landlord asserts, that tenants could be estopped from relying on the Pet Law based on their request for three weeks to resolve the problem, landlord did not successfully show that the three-month period had not expired even if the three weeks were excluded. Consequently, the Civil Court properly dismissed the petition.
Contrary to landlord’s contention, Real Property Law § 234, enacted in 1966, which establishes an implied covenant providing a residential tenant with a right to recover attorney’s fees, applies retroactively to this proprietary lease executed in 1962 (see Matter of Duell v Condon, 84 NY2d 773, 783 [1995]). Moreover, as Real Property Law § 234 is to be read broadly (see e.g. H.M. Vil. Realty v Caccavale, 5 AD3d 289, 290 [2004]), there is no merit to landlord’s contention that the statute’s application should be limited to attorney’s fees’ provisions found in leases, and should not apply here, where the provision is found not in the lease but in the bylaws, as the bylaws, in addition to the lease provisions, may be enforced against tenants. However, under the particular facts of this case, tenants are not entitled to attorney’s fees, in view not only of their blatant disregard of the lease no-pet provision but also of their assurance to landlord that they would resolve the problem, an assurance which they did not fulfill (see Matter of Stepping Stones Assoc. v Seymour, 48 AD3d 581, 584 [2008]; Carlton Estates, Inc. v Cruz, 31 Misc 3d 144[A], 2011 NY Slip Op 50878[U] [App Term, 2d, 11th & 13th Jud Dists 2011]; Beach Haven Apts. No. 1 v Cheseborough, 2 Misc 3d 33 [App Term, 2d & 11th Jud Dists] [2003]; but cf. 184 W. 10th St. Corp. v Marvits, 29 Misc 3d 134[A], 2010 NY Slip Op 51970[U] [App Term, 1st Dept 2010]).
Accordingly, the order is affirmed.
Steinhardt, J.P, Pesce and Weston, JJ., concur.