OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is reversed, without costs, so much of the order dated February 16, 2011 as denied the branch of tenants’ motion seeking to dismiss the petition is vacated, and the branch of tenants’ motion seeking to dismiss the petition is granted.
Landlord is the holder of the unsold shares of stock allocable to the subject premises, an apartment within a non-eviction cooperative building. Tenants, who are rent-stabilized, entered into possession of the premises under a written rental agreement dated July 6, 1976. In May 2008, tenants’ daughter, who had resided in the apartment on previous occasions, moved back into the apartment with her dog. In late January 2010, a member of the co-op saw tenants’ daughter enter the apartment with the dog and notified the president of the co-op board, who informed landlord’s management company. On February 2, *17 2010, the management company mailed, by first-class mail, a letter to tenants informing them that harboring the dog was a violation of the lease and that the removal of the dog would be necessary. After tenants failed to comply with this purported “Notice of Cure,” a notice of termination was left on tenants’ door on April 26, 2010, informing them that if they failed to vacate the premises on or before April 29, 2010, landlord would commence a proceeding to recover possession of the premises. It is noted that these predicate notices were not served on tenants in accordance with provisions of the lease, which required that notices be personally delivered to tenants or sent to tenants by registered or certified mail. Moreover, the notice of termination did not comply with Rent Stabilization Code (9 NYCRR) § 2524.2 (c) (2), which requires that the notice of termination be served at least seven calendar days prior to the date specified for surrender of possession.
On April 30, 2010, landlord commenced a holdover summary proceeding against tenants, pursuant to Rent Stabilization Code (9 NYCRR) § 2524.3 (a), claiming that tenants had violated their lease by harboring a dog without landlord’s written permission. After tenants moved to dismiss the petition on various grounds, the parties executed a stipulation of discontinuance which “discontinued [the proceeding] without prejudice based upon [tenants’] jurisdictional objections related to improper service of process of the Notice to Cure and Notice of Termination.”
Thereafter, on October 7, 2010, landlord commenced the instant holdover summary proceeding against tenants, pursuant to Rent Stabilization Code (9 NYCRR) § 2524.3 (a), claiming that tenants had violated their lease by harboring a dog without landlord’s written permission. Tenants moved to dismiss the petition, asserting that they had harbored the dog openly and notoriously for more than three months before landlord had commenced the instant proceeding, and were thus protected under New York City’s Pet Law (Administrative Code of City of NY § 27-2009.1). Tenants also sought an award of attorney’s fees. In opposition, landlord asserted that it had, within the three-month period, timely commenced the prior holdover proceeding against tenants, predicated on the same lease violation, and that since that proceeding had been “discontinued without prejudice” based upon tenants’ objections regarding service of the predicate notices, the instant holdover proceeding, albeit commenced outside the three-month period, was timely. *18 Tenants argued that since the Pet Law must be strictly enforced and its terms accorded a literal interpretation, the proceeding was untimely commenced and enforcement of the lease provision was therefore waived. The Civil Court (Anne Katz, J.), by order dated February 16, 2011, denied the branch of tenants’ motion seeking to dismiss the petition, finding that landlord had acted diligently in timely commencing the prior case, but had simply acted in a procedurally defective manner. The court thus implicitly denied the branch of tenant’s motion seeking an award of attorney’s fees. The matter then proceeded to trial.
Following a nonjury trial, the Civil Court (Inez Hoyos, J.), in a decision dated September 22, 2011, found in favor of landlord. A final judgment of possession in favor of landlord was entered on September 23, 2011. Tenants’ appeal from the decision dated September 22, 2011 is deemed to be from the final judgment entered September 23, 2011 (see CPLR 5512 [a]). The appeal from the final judgment brings up for review the order dated February 16, 2011 denying tenants’ motion to dismiss the petition (see CPLR 5501 [a] [1]).
On appeal, tenants contend that landlord waived its right to enforce the no-pet provision of the lease by failing to commence this proceeding against them within three months after obtaining knowledge that they were harboring the dog. Landlord contends that this proceeding was timely commenced, relying upon the Appellate Division, First Department, case of Baumrind v Fidelman (183 AD2d 635 [1992]), in which the parties had also stipulated to discontinue, without prejudice, a holdover proceeding which had been commenced within three months of the landlord’s first learning of the presence of the tenant’s pet. In Baumrind, the tenant had not been properly served with process in the first proceeding, and, after the discontinuance, the landlord re-served the tenant, albeit outside the three-month period. The Appellate Division, First Department, held that the dismissal of the petition was inappropriate because there was “no indication that landlord here had not acted diligently, only that she acted in a procedurally defective manner” (id. at 636). The Court declined to give an “overly literal interpretation” (id.) to the language of the Pet Law giving the landlord a “three month period to commence a summary proceeding” (Administrative Code of City of NY § 27-2009.1 [b]).
We note that the Appellate Division, First Department, in Seward Park Hous. Corp. v Cohen (287 AD2d 157 [2001]) limited Baumrind to its unique facts, and instead relied on a literal in *19 terpretation of the Pet Law. Other cases following Seward Park have noted that the Pet Law “requires strict enforcement of the three-month commencement rule” (Chelsea Ventura, LLC v Romansky, 19 Misc 3d 132[A], 2008 NY Slip Op 50661[U], *1 [App Term, 1st Dept 2008]; see 930 Fifth Corp. v Miller, 2002 NY Slip Op 5Q050[U] [App Term, 1st Dept 2002]).
In any event, Baumrind is distinguishable from this case. As noted, pursuant to Rent Stabilization Code (9 NYCRR) § 2524.2 (c) (2), a seven-day notice of termination was required before landlord could commence the prior holdover proceeding. Landlord served the notice of termination (with a termination date of Apr. 29, 2010) on April 26, 2010, and this shortening of the notice period in the prior proceeding from the requisite seven days to only three days after service rendered that notice fatally defective (see Saccheri v Cathedral Props. Corp., 16 Misc 3d 111, 113 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). As the notice of termination served on April 26, 2010 could not have validly terminated the tenancy within the three-month period, unlike in Baumrind, “the landlord here had not acted diligently” (Baumrind v Fidelman, 183 AD2d at 636) in the first instance and, thus, landlord’s commencement of the prior holdover proceeding on April 30, 2010 can be given no legal effect. Consequently, the branch of tenant’s motion seeking, pursuant to Administrative Code § 27-2009.1, to dismiss the petition should have been granted.
However, since the record demonstrates that tenants admitted to having breached the no-pet provision of the lease, they are not entitled to an award of attorney’s fees (see Matter of Stepping Stones Assoc, v Seymour, 48 AD3d 581 [2d Dept 2008]; Toledo Mut. Hous. Corp. v Schwartz, 33 Misc 3d 58, 60 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; 2299-13 Apt. Corp. v Portnov, 33 Misc 3d 128[A], 2011 NY Slip Op 51849[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Beach Haven Apts. No. 1 v Cheseborough, 2 Misc 3d 33, 34 [App Term, 2d Dept, 2d & 11th Jud Dists 2003]; but see 184 W. 10th St. Corp. v Marvits, 29 Misc 3d 134[A], 2010 NY Slip Op 51970[U] [App Term, 1st Dept 2010]).
Accordingly, the final judgment awarding possession to landlord is reversed, so much of the order dated February 16, 2011 as denied the branch of tenants’ motion seeking to dismiss the petition is vacated, and the branch of tenants’ motion seeking to dismiss the petition is granted.
Pesce, EJ., Aliotta and Solomon, JJ., concur.