OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is affirmed, without costs.
In this holdover proceeding based on a claim that tenant had violated her lease by harboring a pet without landlord’s permission, tenant asserted that landlord had brought a prior proceeding for the same relief, which proceeding had been dismissed based on the Civil Court’s determination that the predicate notices were defective. Tenant claimed that landlord had commenced the instant proceeding more than three months after landlord had concededly become aware that tenant was harboring a pet and, thus, that the proceeding was not timely.
Where an owner or his or her agent has knowledge of a tenant’s harboring of a pet openly and notoriously in an apartment for a period of three months or more and fails to commence a summary proceeding to enforce a lease provision prohibiting such activity, the lease provision is waived (Administrative Code of City of NY § 27-2009.1 [b]; see Seward Park Hous. Corp. v Cohen, 287 AD2d 157, 162-163 [2001]; Gold Queens, LLC v Cohen, 42 Misc 3d 15 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Toledo Mut. Hous. Corp. v Schwartz, 33 Misc 3d 58 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Landlord’s contention on appeal that CPLR 205 (a) tolled the operation of Administrative Code § 27-2009.1 (b) from the time of the dismissal of the prior proceeding to give landlord an additional six months to commence a new proceeding is without merit. CPLR 205 (a) has no application to Administrative Code *9 § 27-2009.1 (b), which does not impose a statute of limitations but, rather, a waiver of a landlord’s right to enforce the no-pet clause of a lease agreement. As a result of the waiver, the cause of action for breach of the no-pet provision of the lease ceases to exist. Thus, the Administrative Code section provides a substantive qualification on the right of action, rather than a statute of limitations (see Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 93 NY2d 375, 378 [1999]).
Landlord’s contention that its proceeding should be deemed timely based on Baumrind v Fidelman (183 AD2d 635 [1992]) is also without merit. In Baumrind, the Appellate Division, First Department, allowed the maintenance of a no-pet summary proceeding that had not been commenced within the three-month period where a prior timely commenced proceeding had been discontinued without prejudice, pursuant to a stipulation, as process had not been properly served. However, Baumrind has since been expressly limited to its unique facts, including that the first proceeding had concluded in a stipulation of discontinuance without prejudice (see Seward Park Hous. Corp. v Cohen, 287 AD2d at 163; Gold Queens, LLC v Cohen, 42 Misc 3d at 18-19), a fact which is absent here.
We have considered landlord’s other arguments and find them to be without merit.
Accordingly, the order, insofar as appealed from, is affirmed.
Pesce, P.J., Solomon and Elliot, JJ., concur.