MORRIS ROSNER, Respondent, v. JACOB REISBERG and Another, Appellants, Impleaded with OWNIT REALTY CORPORATION and Another, Defendants.*

First Department, December 18, 1931.

David S. Romanov of counsel [Edwin M. Stanton and Edward Nyer with him on the brief], for the appellants.

Benjamin F. Spellman of counsel [Samuel W. Dorfman with him on the brief; Morrison & Schiff, attorneys], for the respondent.

* Affd., 259 N. Y. ——.

McAvoy, J. Plaintiff's cause of action was for the specific performance of a contract to lease. Jacob Reisberg, the owner in fee of certain premises known as 302 West Fifty-first street, borough of Manhattan, city of New York, had contracted to lease these premises to Alexander A. Doblin and Michael Seinfeld as soon as the said defendant was awarded possession of the premises as against Ownit Realty Corporation, the then tenant. The defendant Reisberg was awarded possession of the premises by order of the Municipal Court of the City of New York. Plaintiff, the assignee of Doblin (Seinfeld having refused to continue performance of the contract), made demand for performance, but the defendant Reisberg refused to enter into the lease.

Title to the premises was transferred to 302 West Fifty-first Street Corporation, a corporation owned and controlled by the defendant Reisberg. The suit resolved into a question of the amount of loss or damage arising out of the breach.

At the trial of the cause the court found for the plaintiff but reserved decision on the question of damages. An award was made subsequently in favor of the plaintiff and against the defendants in the sum of $9,560.85 damages, $701.12 interest and $202.10 costs and disbursements, making a total of $10,464.07, for which sum judgment was entered.

For the purpose of ascertaining the value of the lease, the court heard testimony of an expert produced by the plaintiff, and of an expert produced by the defendants. Consideration of the testimony and the books of the former tenant leads us to conclude that the figures of average annual rental to be paid under the lease augmented by necessary operating charges were shown by the more credible proof to exceed the average yearly income as found by the trial court and that no damage arose through the breach of the contract to make the lease. As the question of the breach is not contested on appeal, a nominal award of damages only should have been granted.

The judgment should, therefore, be modified by directing judgment in favor of plaintiff for six cents damages, and as so modified affirmed, with costs to the appellants.

Finch, P. J., Martin, O'Malley and Townley, JJ., concur.

Judgment modified by directing judgment in favor of plaintiff for six cents damages, and as so modified affirmed, with costs to the appellants. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.