■ BENDERSON DEVELOPMENT COMPANY, INC., Respondent, v. COMMENCO CORPORATION et al., Appellants.— Judgment unanimously reversed, on the law and facts, with costs, and complaint dismissed. Memorandum: On February 13, 1970, plaintiff lessor entered into a lease with defendant Commenco which demised a portion of a shopping plaza in the Town of Niagara for a period of 20 years at a rental of $13,200 per annum. Defendant Kentucky Fried Chicken guaranteed performance of the lease. The lease provisions required that Commenco obtain all necessary licenses and permits and then construct a restaurant on the premises. In the lease, lessor warranted "that the use by LESSEE of the premises for the preparation, sale and consumption on or off the premises of food and beverages will be a permitted use under the zoning classification and local laws and ordinances applicable to the demised premises." The record establishes that the premises could not have been used as a restaurant until a public sewer was completed which was in October of 1972, two years and nine months after the execution of the lease. The meaning and intent of the warranty is evident (*Bethlehem Steel Co.* v. *Turner Constr. Co.*, 2 N Y 2d 456) and can be clearly drawn from the four corners of the instrument as a matter of law (*County of Erie* v. *Buffalo Bills Div. of Highwood Servs.*, 42 A D 2d 922). The purpose and intent was that defendant be able to use the premises as a restaurant. Since leases are interpreted in accordance with the purposes which the parties seek to attain (*Farrell Lines* v. *City of New York*, 30 N Y 2d 76, 82) and since the purpose of the lease was defeated, the defendant properly cancelled it under the warranty provision. Even assuming that Commenco knew that difficulties might be encountered in obtaining a permit to build and use the premises as a restaurant in view of the inadequacy of existing sewer facilities, this would not void the warranty provision. The lease itself was a standard one used by Commenco in numerous similar transactions in its nationwide operation, and it is reasonable to assume that the warranty provision was intended by the parties as protection for Commenco against encountering difficulties with local ordinances, such as occurred in this instance. (Appeal from judgment of

Erie Trial Term in action for damages for alleged breach of lease.) Present — Witmer, J. P., Moule, Cardamone, Mahoney and Del Vecchio, JJ.