■ Two Catherine Street Management Co., Inc., Respondent, v Yam Keung Yeung, Also Known as Roger Young, Appellant.—In an action, *inter alia,* to recover damages for the breach of a commercial lease, the defendant Yam Cheung Yeung, sued herein as Yam Keung Yeung, appeals from an order of the Supreme Court, Dutchess County (Benson, J.), entered June 6, 1988, which denied his motion to vacate a judgment entered against him upon his default.

Ordered that the order is reversed, on the law and the facts, with costs, the motion is granted, and the default judgment is vacated.

We find that the motion to vacate the default judgment should have been granted. Regardless of the manner in which service was effected, the defendant demonstrated a reasonable excuse for any delay in appearing and a meritorious defense to the action *(see,* CPLR 317, 5015).

If service were made by personal delivery *(see,* CPLR 308 [1]), then the notice of appearance was only four days late. Under the circumstances, such a short period of delay should not preclude a defense on the merits especially as the plaintiff has not claimed any prejudice *(see, Mulder v Rockland Armor & Metal Corp.,* 140 AD2d 315). Further, the discrepancies between the name on the summons and the proper name of the defendant were sufficient to qualify as a reasonable excuse for the delay.

If service were made by substituted service *(see,* CPLR 308 [2]), then the notice of appearance was timely served and no default occurred. Indeed, even if there had then been a failure on the part of the defendant to timely appear, it would only have been necessary to show that the proper party did not receive notice of the action in time to defend and that he had a meritorious defense *(see,* CPLR 317).

In any event, we find that a meritorious defense to the action was demonstrated. The lease contemplated that certain

changes in the premises were necessary so that the premises could be used for the purposes intended, that is, as a restaurant and that such changes must comply with the relevant rules and regulations. It was alleged that it became impossible to make the changes through no fault of either party due to the inactivity of the local building department with respect to the defendant's applications.

Since the intended purpose of the lease may have become impossible to effectuate through no fault of the defendant tenant, he may have been entitled to terminate the lease *(see, Elkar Realty Corp. v Kamada,* 6 AD2d 155, *lv dismissed* 5 NY2d 844; *Benderson Dev. Co. v Commenco Corp.,* 44 AD2d 889, *affd* 37 NY2d 728). Bracken, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.