■ KOSHER KONVENIENCE, INC., Appellant, v FERGUSON REALTY CORP. et al., Respondents.—In an action, inter alia, for a judgment declaring a lease void, the plaintiff appeals from

an order of the Supreme Court, Kings County (Spodek, J.), dated January 4, 1990, which denied its motion for summary judgment on the second cause of action in the complaint and granted the defendants' cross motion for summary judgment dismissing that cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff leased a commercial building from the defendant Ferguson Realty Corporation in 1988 and commenced this action less than a year later to declare the lease void. The sole issue raised on appeal concerns the dismissal of the plaintiff's second cause of action, which alleged that the lease was void due to the absence of a certificate of occupancy for the premises (see, Administrative Code of City of New York § 26-222).

A commercial lease is not void for illegality merely because the premises is not covered by a certificate of occupancy. The lease will be considered a valid contract if the bar to legal use of the premises is readily correctible and the language used in the lease indicates that the parties intended that the defect be corrected and the premises legally occupied (see, 56-70 58th St. Holding Corp. v Fedders-Quigan Corp., 5 NY2d 557; Elkar Realty Corp. v Kamada, 6 AD2d 155; cf., Two Catherine St. Mgt. Co. v Yam Keung Yeung, 153 AD2d 678; Silver v Moe's Pizza, 121 AD2d 376). Here, the lease specifically provided that the plaintiff would procure a certificate of occupancy at its own expense in the event one was required by any governmental authority. As the plaintiff failed to offer facts which would establish that this defect could not be readily corrected, the defendants were entitled to dismissal of the second cause of action. Kunzeman, J. P., Kooper, Harwood and O'Brien, JJ., concur.