■ MICHAEL C. LYNCH, Respondent, v VIRGINIA M. LEIBMAN, Appellant.—Order of the Appellate Term, First Department, entered on May 15, 1990, which reversed an order of the Civil Court, New York County (Norman C. Ryp, J.), entered on January 17, 1990, to the extent of striking the award of attorney's fees to the tenant, is unanimously reversed on the law and the order of the Civil Court reinstated in full, without costs and disbursements.

Respondent Virginia Leibman is a residential tenant of certain premises at 58 East 56th Street in Manhattan owned by petitioner Michael C. Lynch. After the tenant had begun withholding her rent as a result of the landlord's alleged failure to provide essential services and repairs, the latter commenced a nonpayment proceeding. Respondent counter-

claimed for a rent abatement plus damages for emotional distress arising out of the landlord's supposed breach of the warranty of habitability. Prior to trial, the parties stipulated that petitioner's and respondent's claim and counterclaims, respectively, would be consolidated for trial and that respondent would deposit the sum of $5,488.03 with the clerk of the court, which she did. The case thereafter came before a jury, which subsequently handed down a decision in favor of the tenant, awarding her a 20 percent rent abatement, as well as damages for pain and suffering. The Civil Court Judge then granted respondent's motion for attorney's fees, denied petitioner's cross-motion to set aside the verdict and referred the matter to a Referee to determine the amount of counsel fees. The landlord requested reargument. The court granted petitioner's motion but, upon reargument, adhered to its prior ruling, finding distinguishable the cases cited by the landlord. Petitioner appealed to the Appellate Term, First Department, which reversed, stating that: "Although tried within the context of this nonpayment proceeding, the tenant's counterclaim for 'mental anxiety and emotional distress' sounded purely in tort and was not directly related to the central issues of possession and rent underlying the dispossess. Tenant's recovery for 'pain and suffering' under the counterclaim thus does not come within the rubric of Real Property Law § 234. In residential leases permitting the landlord to recover attorney's fees, that statute implies a reciprocal provision authorizing the tenant to recover attorney's fees incurred 'as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease . . .'. Since the landlord would not have been able to recover counsel fees based upon a tort recovery under the standard attorney's fees provision contained in the lease, the tenant cannot recover them under Real Property Law § 234 (cf., Green v Fischbein Olivieri Rozenholc & Badillo, 119 AD2d 345; 351-352). Nor is the award of attorney's fees sustainable under the rent aspect of the proceeding, on which each side prevailed in part (72nd St. Assoc. v Pyle, 105 AD2d 607)."

Respondent has appealed. In that connection, it should be noted that according to section 234 of the Real Property Law: "Whenever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorneys' fees and/or expenses incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease, or that amounts paid by the landlord therefor shall be paid by the tenant as additional

rent, there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys' fees and/or expenses incurred by the tenant as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease, and an agreement that such fees and expenses may be recovered as provided by law in an action commenced against the landlord or by way of counterclaim in any action or summary proceeding commenced by the landlord against the tenant."

Thus, the statute establishes that when there is a lease which bestows upon the landlord the right to recover counsel fees and/or expenses for his or her endeavors to enforce the terms and conditions thereof, then the tenant shall possess a reciprocal right under the following circumstances: a failure by the landlord to perform any covenant or agreement required of him or her under the lease, or the successful defense of any action or summary proceeding initiated by the landlord. Real Property Law § 235-b (1) mandates that in every lease for the rental of residential property, the landlord be deemed to covenant and warrant that the premises in question not be subjected to anything that would render them dangerous, hazardous or detrimental to life, health or safety (that is, a warranty of habitability).

An examination of the verdict herein clearly demonstrates that the jury found that petitioner had breached his implied warranty of habitability. Contrary to the conclusion of the Appellate Term, which apparently focused exclusively on the jury's award of $10,000 for pain and suffering, that the verdict in favor of respondent derived entirely from a tort claim, the Civil Court appropriately decided that the $10,000 was merely an element of damages for breach of the warranty of habitability, an implied violation of the lease. In any event, this evaluation by the Trial Judge is certainly not inconsistent with the proofs submitted by respondent as described in the court's opinion. However, regardless of whether the award for pain and suffering was based upon tort or breach of contractual obligation, the fact remains that the jury unequivocally determined that the landlord did not supply the requisite services and that his failure to do so permitted the existence of conditions that were dangerous, hazardous or detrimental to life, health and safety, thereby entitling respondent to a 20 percent rent abatement. This finding alone is sufficient to support attorney's fees to the tenant even if the landlord can

be considered to have prevailed in part with respect to the nonpayment proceeding, at least to the extent of obtaining some of the back rent. Yet, petitioner did not procure the ultimate relief sought of evicting the tenant, and the issue of outstanding rent was not actually even in dispute since respondent paid it into the court. There is simply no legal authority for the proposition that a partial recovery by the landlord precludes an award of counsel fees to the tenant under any and all circumstances whatever the facts of the case. Where, as in the present situation, the judgment was substantially, if not almost wholly, favorable to the tenant, the Civil Court properly awarded counsel fees to respondent. Concur—Carro, J. P., Milonas, Ellerin, Wallach and Ross, JJ.