■ BUNNY REALTY, Respondent, v SONDRA MILLER et al., Appellants, et al., Respondent.—Order of the Appellate Term of the Supreme Court, First Department, entered on June 25, 1990, which reversed a judgment of the Civil Court, New York County (Howard Malatzky, J.), entered on February 10, 1989, awarding counsel fees to respondents in the amount of $11,611.58, unanimously reversed on the law and the judgment of the Civil Court reinstated, with costs and disbursements.

Respondents-appellants are tenants at 65 Nagle Avenue in Manhattan. They and another tenant in the building began withholding rent due to their landlord's alleged failure to correct violations, such as not providing heat and making necessary repairs. The tenants then commenced a proceeding in the Housing Court to compel the landlord to comply with the housing law. In response, the landlord initiated non-payment proceedings to which respondents asserted affirmative defenses and counterclaims, including breach of the warranty of habitability. Respondents, however, stipulated to the release of escrow funds representing back rent and also to the landlord's *prima facie* claim for non-payment. Thus, the sole issue at trial was the tenants' demand for redress of the landlord's breach of the warranty of habitability. Following a five day trial, the Civil Court credited the tenants' testimony and awarded them 15 percent to 49 percent abatements of rent for the period of time encompassed by the proceedings.

The tenants thereafter moved pursuant to Real Property Law § 234 for an award of attorney's fees. The matter was assigned to another Judge, who granted fees in the amount of $11,611.58. The landlord appealed to the Appellate Term, which reversed the judgment of the Civil Court on the ground that "[s]ince the landlord prevailed in part on its rent claim

and the tenants prevailed in part upon their habitability counterclaim, each should bear the cost of their own attorney's fees * * * As to tenant Miller, who received a 49 percent abatement, she is not entitled to attorney's fees for the additional reason that the landlord would not have been entitled to recover such fees under her lease. Paragraph 16 thereof does not provide for the landlord to recover counsel fees in connection with the legal proceedings arising out of the tenant's default; accordingly, the reciprocal attorney's fees provision in RPL § 234 is not triggered."

However, the Appellate Term, in rendering its decision simply overlooked that portion of Real Property Law § 234 which refers to the award of counsel fees to a tenant incurred "in the successful defense of any action or summary proceeding commenced by the landlord". The entire section states as follows: "Whenever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorneys' fees and/or expenses incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease, or that amounts paid by the landlord therefor shall be paid by the tenant as additional rent, there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys' fees and/or expenses incurred by the tenant as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease, and an agreement that such fees and expenses may be recovered as provided by law in an action commenced against the landlord or by way of counterclaim in any action or summary proceeding commenced by the landlord against the tenant."

In *Lynch v Leibman* (177 AD2d 453), this court recently dealt with a very similar issue. In that case, when the tenant started withholding her rent as a result of the landlord's purported failure to furnish essential services and repairs, the latter commenced a non-payment proceeding. The tenant counterclaimed for a rent abatement plus damages for emotional distress arising out of the landlord's supposed breach of the warranty of habitability. A jury subsequently awarded the tenant a 20 percent rent abatement, as well as damages for pain and suffering. In reinstating the Civil Court's grant of counsel fees in favor of the tenant, we observed *(supra,* at 455-456) that: "However, regardless of whether the award for pain and suffering was based upon tort or breach of contractual

obligation, the fact remains that the jury unequivocally determined that the landlord did not supply the requisite services and that his failure to do so permitted the existence of conditions that were dangerous, hazardous or detrimental to life, health and safety, thereby entitling respondent to a 20 percent rent abatement. This finding alone is sufficient to support attorney's fees to the tenant even if the landlord can be considered to have prevailed in part with respect to the nonpayment proceeding, at least to the extent of obtaining some of the back rent. Yet, petitioner did not procure the ultimate relief sought of evicting the tenant, and the issue of outstanding rent was not actually even in dispute since respondent paid it into the court. There is simply no legal authority for the proposition that a partial recovery by the landlord precludes an award of counsel fees to the tenant under any and all circumstances whatever the facts of the case. Where, as in the present situation, the judgment was substantially, if not almost wholly, favorable to the tenant, the Civil Court properly awarded counsel fees to respondent."

There is no significant distinction between the situation in *Lynch v Leibman, (supra)* and the one involved herein. Indeed, the landlord in the present matter initiated a non-payment proceeding only after respondents began withholding their rent in an attempt to force him into supplying them with mandated services, and the tenants prevailed to the extent that they received rent abatements rather than being evicted. As to tenant Miller, singled out by the Appellate Term for the supposed absence in her lease of entitlement by the landlord to recover counsel fees in legal proceedings caused by her default, her lease actually contains the following clause: "Any rents received by the Landlord for the re-renting shall be used first to pay Landlord's expenses and second to pay any amount Tenant owes under this lease. Landlord's expenses include the cost of getting possession and re-renting the Apartment, including, but not only reasonable legal fees, brokers fees, cleaning and repairing costs, decorating costs and advertising costs."

Thus, while the subject lease clearly permits the landlord to recover legal fees for obtaining possession of the apartment, the Appellate Term has interpreted the section to mean that because it does not specifically contain the words "due to the tenant's default", it somehow limits the latter's reciprocal rights thereunder. Yet, this clause is sufficiently broad to allow the landlord to procure counsel fees for any reason, including breach of lease, so long as the ultimate result would

be to take possession or re-rent the apartment. Acceptance of the Appellate Term's argument in this respect would enable, if not encourage, landlords to undermine entirely the effectiveness of Real Property Law § 234 through artful draftmanship. The Appellate Term was, therefore, unwarranted either in making a special example out of respondent Miller or in generally reversing the Civil Court's award of counsel fees to the tenants. Concur—Milonas, J. P., Asch, Kassal, Smith and Rubin, JJ.