OPINION OF THE COURT
Debra Rose Samuels, J.
Petitioner’s motion to reargue the court’s decision dated October 4, 1999, denying petitioner’s motion for attorneys’ fees and, upon reargument, for an order awarding petitioner a judgment for its attorneys’ fees in this proceeding is granted only *216 to the extent of granting reargument. On reargument, the court adheres to its earlier decision.
Although petitioner was clearly the prevailing party in this summary proceeding, a nonpayment action that ended with the court awarding petitioner a judgment for all rent due, with no abatement, the court’s October 4 decision denied legal fees because “there does not appear to be a provision in the lease providing for same.” The only provision in the lease pointed to by petitioner, paragraph 15 (D), states, in its entirety: “If the Lease is ended or Landlord takes back the Apartment, rent and added rent for the unexpired Term becomes due and payable. Landlord may re-rent the Apartment and anything in it for any Term. Landlord may re-rent for a lower rent and give allowances to the new Tenant. Tenant shall be responsible for Landlord’s cost of re-renting. Landlord’s cost shall include the cost of repairs, decorations, broker’s fees, attorney’s fees, advertising and preparation for renting. Tenant shall continue to be responsible for rent, expenses, damages and losses. Any rent received from the re-renting shall be applied to the reduction of money Tenant owes. Tenant waives all rights to return to the Apartment after possession is given to the Landlord by a Court.”
The court read the foregoing language as applying, by its terms, only where the landlord retakes possession of, and re-rents, the apartment during the lease term. The court also read that language as providing, by its terms, for reimbursement for “Landlord’s cost of re-renting” (as defined in the same paragraph) only from the proceeds of such re-renting. Moreover, guided by the doctrine of ejusdem generis, the court read the provision for attorneys’ fees as pertaining only to fees incurred in connection with the re-renting. (Note that the expenses other than attorneys’ fees enumerated in the above definition of “Landlord’s cost” all relate to tasks necessary to renting to a new tenant: “the cost of repairs, decorations, broker’s fees * * * advertising and preparation.”)
This provision, as read by the court, is considerably less favorable to the landlord than the much broader attorneys’ fees clauses found in many standard leases, which commonly provide for the landlord to recover his attorneys’ fees for any legal action “necessitated by the tenant’s default.” But it is the only provision for attorneys’ fees included by this landlord in this lease.
Because, in this case, petitioner had not retaken possession and re-rented, the tenant having continued in possession, the court denied petitioner’s motion for attorneys’ fees.
*217 A motion for reargument “is designed to afford a party opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law.” (Foley v Roche, 68 AD2d 558, 560 [1st Dept 1979].) On this motion, petitioner contends that the court erred in reading paragraph 15 (D) as it did, in light of a previous decision by the Appellate Division, First Department, construing similar language in a lease as supporting an award of attorneys’ fees. Specifically, petitioner points to Bunny Realty v Miller (180 AD2d 460 [1st Dept 1992]).
The lease provision at issue in Bunny Realty (supra, at 462) read as follows: “ ‘Any rents received by the Landlord for the re-renting shall be used first to pay Landlord’s expenses and second to pay any amount Tenant owes under this lease. Landlord’s expenses include the cost of getting possession and re-renting the Apartment, including but not only reasonable legal fees, brokers fees, cleaning and repairing costs, decorating costs and advertising costs.’ ” In that case, the Court parsed the above-quoted language in order to determine whether the tenants, who were the prevailing parties in the underlying action, were entitled to recover their attorneys’ fees pursuant to Real Property Law § 234, which provides that, when a residential lease provides that the landlord may recover from the tenant its attorneys’ fees in an action resulting from the tenant’s breach, “there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys’ fees * * * incurred by the tenant” as a result of the landlord’s breach or in the successful defense of any action by the landlord arising out of the lease.
The Court held that “this clause is sufficiently broad to allow the landlord to procure counsel fees for any reason, including breach of lease, so long as the ultimate result would be to take possession or re-rent the apartment” and, accordingly, awarded the tenants attorneys’ fees based on their reciprocal right pursuant to Real Property Law § 234. (180 AD2d, supra, at 462-463.)
Two important factors, however distinguish this case from Bunny Realty (supra). First, the lease clause at issue in Bunny Realty specifically provided for the landlord to recover “the cost of getting possession” of the apartment (supra, at 462). The clause at issue in this case contains no such language. Second, in considering the right of the tenants to attorneys’ fees pursuant to Real Property Law § 234, the Court was bound to resolve any ambiguity in the lease against the party who drafted it, *218 the landlord, and thus in the tenant’s favor. Petitioner here, as the drafter of the lease, is not entitled to such a benefit of the doubt.