OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, landlord’s motion granted and matter remanded to the court below for further proceedings consistent with the decision herein.
*35 Landlord commenced the instant holdover proceeding based on tenant’s alleged failure to cure a violation of the lease provision, to wit, the installation of a washing machine without obtaining the landlord’s prior written consent. After trial, the court rejected the tenant’s affirmative defenses, including the defense of waiver, and determined that tenant had breached the lease. The court awarded landlord a possessory judgment, and also granted tenant a 10-day cure period prior to the issuance of a warrant of eviction pursuant to RPAPL 753 (4). Landlord subsequently moved for attorney’s fees and expenses under paragraph 16D of the lease. The court denied the motion. We reverse.
It is well settled that only a prevailing party is entitled to legal fees (see, Nestor v McDowell, 81 NY2d 410, 416; Hooper Assocs. v AGS Computers, 74 NY2d 487, 491; Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5; Fatsis v 360 Clinton Ave. Tenants Corp., 272 AD2d 571). Further, a party seeking legal fees must substantially prevail with respect to the “central relief sought” (Nestor v McDowell, supra at 416). In its petition, landlord sought a final judgment of possession, issuance of a warrant to remove tenant from possession, rental arrears, and fair value of use and occupancy. Landlord was awarded a final judgment of possession, the “central relief’ sought, based on the court’s determination that tenant was in breach of the lease. The fact that tenant was granted a 10-day statutory cure period subsequent to the judgment of possession in no way alters the landlord’s status as the prevailing party in the proceeding (see, Seven Park Ave. Corp. v Tessler, NYLJ, Oct. 21, 1999, at 28, col 2 [App Term, 1st Dept]). RPAPL 753 (4) is “procedural and remedial in nature” (Post v 120 E. End Ave. Corp., 62 NY2d 19, 24), and “grant[s] a losing tenant * * * a period of time to cure the violation before being subject to removal” (supra at 26; see, Seven Park Ave. Corp. v Tessler, supra).
The trial court’s reliance on Nestor v McDowell (supra) to deny landlord attorney’s fees is misplaced. In Nestor, also involving tenants’ installation of a washing machine without the consent of the landlord, in violation of the lease, the Court of Appeals held that the statutory remedy afforded under RPAPL 753 (4) to summary proceedings commenced in the Civil Court, was applicable to ejectment actions instituted in the Supreme Court. Significantly, in Nestor, the Court of Appeals upheld the denial of attorney’s fees to plaintiff landlord “[finasmuch as plaintiff has not prevailed with respect to the *36 central relief sought, that is, a possessory judgment” (supra at 416; emphasis supplied). The trial court’s determination that there was no “appreciable distinction” between Nestor and the instant case, since, inter alia, the “relief granted was identical,” to wit, tenants in Nestor as tenant herein, were given time to cure under RPAPL 753 (4), ignores a fundamental distinction. The central relief granted to landlord here was a possessory judgment, the very absence of which precluded recovery of attorney’s fees in Nestor. The relief granted in the instant case, therefore, was not “identical” to the relief granted in Nestor, but substantively distinguishable in a crucial respect, and determinative of whether landlord is a “prevailing” party entitled to an award of attorney’s fees.
Accordingly, landlord is entitled to recover reasonable attorney’s fees pursuant to paragraph 16D of the lease agreement, providing in pertinent part as follows:
"16 * * * j)
“If this lease is cancelled, or * * * Landlord takes back the Apartment (1) * * * Tenant must also pay Landlord’s expenses as stated in Paragraph 16D * * * (3) Any rent received by Landlord for the re-renting shall be used first to pay Landlord’s expenses and second to pay any amounts Tenant owes under this Lease. Landlord’s expenses include the costs of getting possession and re-renting the Apartment, including, but not only reasonable legal fees, brokers fees, cleaning and repairing costs, decorating costs and advertising costs.”
We are unpersuaded by tenant’s argument that the lease provision is ambiguous, and should therefore be construed in his favor to preclude the recovery of attorney’s fees for summary proceedings upon tenant’s default, except on the condition of actual repossession of the premises and/or re-rental thereof. In interpreting a virtually identical lease provision in connection with a claim for reciprocal attorney’s fees pursuant to Real Property Law § 234, the Court in Bunny Realty v Miller (180 AD2d 460) held that “the subject lease clearly permits the landlord to recover legal fees for obtaining possession of the apartment * * * [and] is sufficiently broad to allow the landlord to procure counsel fees for any reason, including breach of lease, so long as the ultimate result would be to take possession or re-rent the apartment” (supra at 462-463; emphasis added). B & L Realty v Liang (183 Misc 2d 215), relied upon by tenant, is readily distinguishable since the lease clause at is *37 sue in B & L Realty, unlike Bunny Realty, and the subject lease, contained no language specifically providing for the recovery of “the costs of getting possession” (see, B & L Realty v Liang, supra at 217). Accordingly, the lease provision cannot be read to pertain solely to fees incurred with the re-renting of the premises, as was the case in B & L Realty. Nor can the provision be construed as predicated upon actual repossession, since it expressly provides that “Landlord’s expenses include the costs of getting possession.”
Scholnick, P. J., Aronin and Patterson, JJ., concur.