■ GANNETT SUBURBAN NEWSPAPERS, Respondent, v EL-KAM REALTY COMPANY (A NEW YORK PARTNERSHIP), Appellant, et al., Defendants. [760 NYS2d 553] —In an action, inter alia, to recover damages for breach of contract, the defendant El-Kam Realty Company (a New York Partnership) appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered June 4, 2002, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaims to recover damages for breach of contract.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying those branches of the appellant's motion which were for summary judgment dismissing so much of the second cause of action insofar as asserted against it as alleged failure to return the security deposit, breach of the covenant of quiet enjoyment by permitting a foreclosure proceeding to be brought against the subject property, and

breach of contract based on the improper taking of certain rest-room facilities, and substituting therefor a provision granting those branches of the motion, and (2) deleting the provision thereof denying those branches of the appellant's motion which were for summary judgment on its first, second, third, and fifth counterclaims, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Westchester County, for an assessment of damages in accordance herewith.

The plaintiff, Gannett Suburban Newspapers (hereinafter Gannett), as successor-in-interest to Tucker Communications, Inc. (hereinafter Tucker), as tenant, and the defendant El-Kam Realty Company (a New York Partnership) (hereinafter El-Kam), as landlord, are parties to a lease dated August 16, 1996, entered into between Tucker and El-Kam for certain premises located in a shopping center known as Cross River Plaza, in Cross River, New York. On or about January 31, 2001, Gannett abandoned the premises before the expiration date of May 31, 2006, set forth in the lease.

The Supreme Court improperly denied those branches of El-Kam's motion which were for summary judgment dismissing so much of the second cause of action insofar as asserted against it as alleged failure to return the security deposit, breach of the covenant of quiet enjoyment by permitting a foreclosure proceeding to be brought against the subject property, and breach of contract based on the improper taking of certain re-stroom facilities. There was no evidence to support Gannett's claim that the condition of the premises, which was raised for the first time in its opposition papers, substantially and materially deprived it of the beneficial use of the property (*see Grammer v Turits,* 271 AD2d 644, 646 [2000], citing *Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77, 83 [1970]). The mere commencement of a foreclosure proceeding did not constitute a constructive eviction (*see Metropolitan Life Ins. Co. v Childs Co.,* 230 NY 285 [1921]; *Mason v Lenderoth,* 88 App Div 38 [1903]). There is also no merit to Gannett's claim that the lease was void because no certificate of occupancy was issued for the property (*see Kosher Konvenience v Ferguson Realty Corp.,* 171 AD2d 650 [1991]). Moreover, the lease specifically provided that Gannett would procure and maintain a certificate of occupancy at its own expense if one was required by any governmental authority (*see Kosher Konvenience v Ferguson Realty Corp., supra*).

Gannett raised a triable issue of fact as to its breach of

contract claim pertaining to the improper payment of electricity charges. However, since this claim is governed by a six-year statute of limitations (*see* CPLR 213 [2]), Gannett's claim with respect to any payments made before April 1995 is time-barred. El-Kam's contention that a limitation of liability clause in the lease precludes this claim is without merit. Accordingly, the Supreme Court properly denied that branch of El-Kam's motion which was for summary judgment dismissing Gannett's claim regarding electricity charges.

The Supreme Court improperly denied those branches of El-Kam's motion which were for summary judgment on its first, second, third, and fifth counterclaims. Pursuant to the express provisions of the lease, upon Gannett's voluntary abandonment of the premises without justification, El-Kam was entitled to recover damages, inter alia, for rent and additional rent, including the tenant's proportionate share of real estate taxes, and to accelerate the rent due for the remainder of the lease term (*see Olim Realty Corp. v Big John's Moving,* 250 AD2d 744 [1998]; *GAB Mgt. v Blumberg,* 226 AD2d 499 [1996]).

However, the Supreme Court properly denied that branch of El-Kam's motion which was for summary judgment on its fourth counterclaim. There is no contractual obligation under the lease for reimbursement of an attorney's fee (*see Hooper Assoc. v AGS Computers,* 74 NY2d 487, 491 [1989]). We note that section 27.01 of the lease, on which El-Kam relies, only permits El-Kam to deduct its attorney's fee when calculating any credit to which Gannett would be entitled if El-Kam relets the premises. Notwithstanding the foregoing, the lease expressly provides that El-Kam is not obligated to mitigate damages by reletting (*see Holy Props. v Cole Prods.,* 87 NY2d 130, 134 [1995]). Altman, J.P., Florio, Adams and Rivera, JJ., concur.