Suarez, J.
(dissenting in part). I respectfully dissent in part. I find that the breach of the proprietary lease occurred more than six years prior to commencement of the action; defendant never waived the statute of limitations; defendant is entitled to dismissal of the claim for damages for breach of the lease as time-barred; and even if the breach of the lease is a continuing one as the majority found, the majority’s award of damages based upon the amount which plaintiffs paid for the cooperative to the sponsors, who have previously been let out of the case based *55 upon the failure to timely commence the action against them,* is not supported by the record or the precedents.
Defendant promised an apartment that was worth the amount of maintenance to be paid by plaintiffs, not an apartment that was worth the amount paid to the sponsor for the ownership interest. Defendant did not guarantee an apartment which could be either sold or sublet at a profit. The purchase price reflects plaintiffs’ damages as against the sponsors. It was not the consideration received by Greenwich and it does not reflect plaintiffs’ damages for the breach of the proprietary lease. It is unfair to shackle Greenwich with a judgment based upon such price. According to the majority, the burden of payment of this judgment will be borne by the innocent cooperators, who received no benefit from plaintiffs’ purchase of the unit from the sponsors.
Damages must be based on the “difference between the value of the leased premises as they were intended and the value as a result of the breach (City of New York v Pike Realty Corp., 247 NY 245).” (West Broadway Glass Co. v I.T.M. Bar, 245 AD2d 232 [1st Dept 1997].) The same rule applies for damages based upon a breach of the warranty of habitability. The majority states that defendant’s damages theory, which would limit plaintiffs’ recovery to warranty of habitability losses, “is both unrealistic and overly restrictive” (majority op at 54). There is nothing unrealistic about this theory of damages, which has been utilized even prior to the enactment of the statutory warranty of habitability. Nor is the measure overly restrictive. Even where a landlord leases an apartment it knows to be untenantable, a complete abatement of rent is not automatic. (See West Broadway Glass Co. v I.T.M. Bar, 245 AD2d 232 [1997], supra.) Here, the value of the apartment as intended by defendant which issued the proprietary lease was the amount of maintenance to be paid and the value as delivered was zero. While the lease was for 27 years, the breach occurred at the time the lease was executed. Regardless of whether damages are for breach of the lease or for breach of the warranty of habitability, since plaintiffs do not have to pay maintenance and they have not offered evidence as to incidental damages, they are only entitled to nominal damages. (See Rosner v Reisberg, 234 App Div 59 *56 [1st Dept 1931], affd 259 NY 555 [1932]; Nash v Thousand Is. Steamboat Co., 123 App Div 148 [4th Dept 1908].)
Defendant here believed that the apartment was habitable and first learned that it was not when the Appellate Division so ruled in Measom v Greenwich & Perry St. Hous. Corp., 268 AD2d 156 [1st Dept 2000]). Particularly is this so since the issue was litigated at a trial before an experienced Supreme Court Justice who heard expert witnesses testify and then determined that the apartment was a legal residence. It is undisputed that Greenwich could not deliver a residential apartment because the apartment, as found by the Appellate Division, could not be legally occupied as a residence. The breach by Greenwich occurred, as found by the Appellate Division, at the beginning of the lease, since “noncomplying cellar apartments could, under no circumstances, be legally occupied after July 1, 1967. Therefore, the subject apartment, as it existed at the time plaintiffs purchased it, could not be occupied as a dwelling {see also, 24 RCNY 131.07), and the cooperative corporation is in breach of the lease.” (Measom v Greenwich & Perry St. Hous. Corp., 268 AD2d, supra at 162 [emphasis supplied].)
The majority correctly determined that Greenwich did not waive the statute of limitations defense, which was asserted in the answer. Civil Court’s determination that Greenwich waived the defense is erroneous and is unsupported in the record. However, since the breach occurred more than six years prior to the commencement of this action, regardless of whether the four-year UCC statute of limitations {see UCC 2-725 [1]), or the six-year contract statute of limitations {see CPLR 213 [2]) applies Greenwich is entitled to dismissal of the claim for such breach. The majority states that “defendant’s obligation to provide a legal, habitable apartment was a continuing one” (majority op at 52), but ignores the fact that because it is impossible for defendant to fulfill that obligation, plaintiffs have been relieved of their concomitant obligation to pay maintenance. It is well settled that where performance under a contract is objectively impossible due to an unanticipated circumstance that could not have been guarded against, performance is excused. (See Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902 [1987]; Laboree Co. v Crossman, 100 App Div 499 [1st Dept 1905], affd 184 NY 586 [1906].)
Even if the breach of the lease is a continuing one as the majority found, where a
“breach of contract is proved, [plaintiff] may seek *57 any damages that were reasonably foreseeable or within the contemplation of the parties at the time the contract was formed. (See, American List Corp. v U.S. News & World Report, 75 NY2d 38, 42-43; Hadley v Baxendale, 9 Exch 341, 156 Eng Rep 145; The Gap v Red Apple Cos., 282 AD2d 119, 124; 11 Williston, Contracts § 1356 [3d ed])” (Theatre Row Phase II Assoc. v National Recording, 291 AD2d 172, 176 [2002]; see also Kenford Co. v County of Erie, 73 NY2d 312 [1989]).
The majority’s reliance on 1050 Tenants Corp. v Lapidus (289 AD2d 145 [1st Dept 2001]) for the proposition that the breach herein is a continuing one, thus permitting the accrual of a new cause of action each day, is misplaced. The Appellate Division in 1050 Tenants found that the breach by the proprietary lessee consisted of “ongoing use of an air-conditioning unit, the installation and operation of which was allegedly in violation of the law and which, it is claimed, has resulted in a condition of nuisance to the apartment below” (id. at 147), clearly not the facts of the within case. The majority bootstraps its argument that “defendant’s obligation to provide a legal, habitable apartment was a continuing one” by the statement that “its breach of that obligation constituted a violation of the law (Measom, 268 AD2d at 162)” (majority op at 52 [emphasis supplied]). However, the Appellate Division did not determine that defendant’s breach was a violation of law, but only that defendant was in breach of the lease and that occupancy of the apartment (i.e., by plaintiffs or their sublessees) would violate the law. (Measom, 268 AD2d at 162.)
It is rather curious that the majority relies on “academic debate” to analyze the relation between a cooperator and a lessee (majority op at 54). Even if “it is at least arguable that [a proprietary] lease ‘ “gives rights equivalent in economic benefit to outright ownership” of the property which the lease describes’ ” (id.) we should not abandon legal and equitable principles and award plaintiffs the loss of the economic benefit, where defendant did not receive the economic benefit being awarded. The majority recognizes that the measure of damages should “be just to both parties” (majority op at 53), then applies a formula that is unfair to the defendant. Despite the majority’s statement that “there is nothing ‘unfair’ ... in using the apartment’s purchase price as a yardstick” (id.), it is clearly unfair to defendant, who did not receive the consideration from plaintiffs, to require it to pay plaintiffs the consideration *58 received by the sponsors. The “major capital expenditure” (id.) was a transfer of money from plaintiffs to the sponsors. The majority’s citation to Matter of Carmer (71 NY2d 781, 784 [1988]), which resolved a dispute as to which of two legatees would inherit the proceeds of the sale of shares of stock in decedent’s cooperative, takes the “paradoxical interest” quote out of context. What the Court wrote was, “Instead, this court, and other courts, have assessed on a case-by-case basis which aspect of this paradoxical interest predominates, in order to determine the applicability of a particular rule of law or statutory scheme” (id. [emphasis supplied]). Applying this principle to the case at bar, clearly, as against defendant, which neither sold the apartment to plaintiffs, nor received from plaintiffs anything but their promise to pay maintenance, the ownership interest in real property does not predominate, and plaintiffs are not entitled to the damages awarded for the breach of lease.
The majority’s reliance on Dinicu v Groff Studios Corp. (257 AD2d 218, 223 [1999]) is misplaced, as there the Appellate Division specifically found, contrary to the facts herein, that the defect in plaintiffs occupancy of the premises could have been easily correctable by defendant cooperative, did not render the tenancy illegal, and involved merely an inexpensive ministerial application with a high probability of success, citing Kosher Konvenience v Ferguson Realty Corp. (171 AD2d 650 [2d Dept 1991]). That plaintiffs should “come up empty as to any monetary recovery” (majority op at 53 [citation omitted]) is the proper and equitable result of plaintiffs’ failure to timely sue the persons who benefitted from plaintiffs’ purchase of the apartment and their failure to conduct a thorough and appropriate title search.
It is irrelevant that the amount of damages awarded to the plaintiffs “was less than the amount sought by plaintiffs as damages under their alternative real estate valuation formula” (id.). Damages are to be awarded based upon the amount which plaintiffs prove, not the amount they seek. (See Buchwald v Waldron, 183 AD2d 1080, 1081 [1992].) Greenwich conceded at oral argument, as it must, that it is not seeking any rent or maintenance (see Multiple Dwelling Law § 302), so plaintiff is made whole as against Greenwich by not having to pay any additional amount for maintenance. Incidental damages for the breach of the lease were not established at trial, as plaintiff proceeded on the theory of refund of purchase price and loss of profits.
*59 Accordingly, the judgment should be modified to dismiss the claim for breach of the proprietary lease as time-barred; to dismiss the claim for attorneys’ fees, as considering the entire scope of the litigation, neither side prevailed and neither side is entitled to attorneys’ fees from the other; affirmed to the extent that plaintiffs were not required to pay maintenance for any period other than the periods when they made voluntary payments; and affirmed to the extent that plaintiffs were entitled to refund of maintenance payments made pursuant to court order.
McCooe and Davis, JJ., concur; Suarez, EJ., dissents in part in a separate memorandum.

 The proprietary lease was issued in 1980 to Lewis Kaye and Beatrice Kaye. Plaintiffs took an assignment of the lease on January 6,1988. Plaintiffs’ claims against the sponsors (Lewis and Beatrice Kaye, who were also the assignors) were dismissed as time-barred.