OPINION OF THE COURT
Memorandum.
Final judgment, insofar as appealed from, unanimously modified by striking the portion thereof awarding $450 attorney’s fees and by reducing the portion thereof awarding costs and disbursements to the sum of $3; as so modified, affirmed without costs.
In this nonpayment summary proceeding, tenants consented to the entry of a final judgment awarding landlord possession and rent arrears but appeal from so much of the final judgment as awarded landlord $450 in attorney’s fees and $144 in costs and disbursements. Attorney’s fees may be awarded to a prevailing landlord in a summary proceeding where the lease provides for recovery of such fees as additional rent. However, a lease provision, such as the one at issue, that merely provides for counsel fees as part of the expenses incurred upon termination pursuant to the lease in the course of reletting, will not support an award of attorney’s fees in a nonpayment summary proceeding (see CEP Realty Corp. v Ayers, NYLJ, Feb. 5, 1986, at 14, col 6 [App Term, 9th & 10th Jud Dists]). As the fees in question were not incurred in the course of reletting, the court below erred in awarding them in this summary proceeding (see Kluger v Grube, 2002 NY Slip Op 40480[U] [App Term, 9th & 10th Jud Dists 2002]).
Costs that may be awarded in a summary proceeding in the Justice Court are set forth in UJCA 1903 (m) and provisions referenced therein:
“(m) Costs in a summary proceeding to recover possession of real property shall consist of the sums specified in subdivision (d) of this section plus, as a disbursement, if paid, the fee provided for issuance of a notice of petition by subparagraph j of para *98 graph one of subdivision (a) of section nineteen hundred eleven of this article. Such costs shall be exclusive in such proceeding and shall constitute the sum to be awarded as costs by the judgment pursuant to section seven hundred forty-seven of the real property actions and proceedings law, except insofar as additional costs may be imposed pursuant to subdivision three of said section [pertaining to forcible entry or forcible holding out].”
UJCA 1903 (d) provides, as pertinent hereto, for costs of $1.50 for service on each necessary tenant of a notice of petition (and of no other document) when served, as here, by “a person other than an enforcement officer.” As counsel issued the notice of petition in this matter, the fee for issuance of the same provided for in UJCA 1911 (a) (1) (j) is not available herein (see Wilber v Abare, 138 Misc 2d 754 [Oswego City Ct 1988]). Nor does UJCA 1903 (m) provide for the “court filing fees” awarded to landlord. Accordingly, the costs and disbursements portion of the judgment must be modified to award the sum of $3.
Rudolph, EJ., Angiolillo and Tanenbaum, JJ., concur.