OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
Upon prevailing in this Housing Part (HP) proceeding to compel the correction of violations in their apartment, tenants sought an award of attorney’s fees pursuant to Real Property Law § 234. The court below denied their application on the ground that tenants were relying on the terms of a lease with a prior landlord. However, since the subject apartment is rent stabilized and since both sides considered themselves bound by the provisions of this lease, it was error for the court to deny tenants’ application for attorney’s fees on the ground that tenants failed to establish that the terms of this lease remained in effect. Nevertheless, for the reasons that follow, we agree that tenants’ application should be denied.
As a general rule, attorney’s fees may not be recovered by a prevailing party unless an agreement between the parties or a statute or court rule authorizes such recovery (see Cier Indus. Co. v Hessen, 136 AD2d 145, 148 [1988]). Statutes providing for attorney’s fees are in derogation of the common-law rule precluding the recovery of said fees and thus must be strictly construed (see Gottlieb v Kenneth D. Laub & Co., 82 NY2d 457 [1993]; Beach Haven Apts. No. 1 v Cheseborough, 2 Misc 3d 33 [App Term, 2d & 11th Jud Dists 2003]). In the case of a prevailing tenant, attorney’s fees may be awarded pursuant to Real Property Law § 234 where the lease specifically provides for the landlord’s recovery of such fees. Real Property Law § 234 provides in pertinent part:
“Whenever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorneys’ fees and/or expenses incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease, or that amounts paid by the landlord therefor shall be paid by the tenant as additional rent, there shall be implied in such lease a *15 covenant by the landlord to pay to the tenant the reasonable attorneys’ fees and/or expenses incurred by the tenant as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease, and an agreement that such fees and expenses may be recovered as provided by law in an action commenced against the landlord or by way of counterclaim in any action or summary proceeding commenced by the landlord against the tenant.”
The right granted by the statute to tenants who incur legal expenses “as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease” includes the right to recover the expenses incurred in tenant-initiated enforcement proceedings (Rosario v 288 St. Nicholas Realty, 177 Misc 2d 78 [App Term, 1st Dept 1998]; 313 W. 100th St. Tenants Assn. v Kepasi Realty Corp., 143 Misc 2d 566 [App Term, 1st Dept 1989]).
The issue thus presented is whether the lease provisions here entitling landlord to attorney’s fees sufficiently fall within the ambit of Real Property Law § 234 so as to trigger the right of tenants afforded therein to recover their attorney’s fees in this HP proceeding. Paragraph 7 of the lease provides in part:
“In case of default of rent or of any of the covenants . . . Landlord or Landlord’s agents may re-enter the premises with or without the means of summary proceedings or any other method prescribed by law . . . and resume possession . . . and relet the premises . . . and out of any rent so collected or received Landlord shall first pay to itself the expense and cost of retaking, repossessing, repairing, decorating and/or altering the said demised premises, and the expense of removing all persons and property therefrom, reasonable attorney’s fees and pay to itself any balance remaining on account of the liability of Tenant to Landlord . . . .”
In Bunny Realty v Miller (180 AD2d 460, 462 [1992]), the Appellate Division, First Department, construed clauses providing that: “Any rents received by the [l]andlord for the re-renting should be used first to pay [landlord’s expenses” and that: “Landlord’s expenses include the cost of getting possession and *16 re-renting the Apartment, including . . . reasonable legal fees . . . The Court held that these clauses were sufficiently broad to allow the landlord to procure counsel fees for any reason so long as the ultimate result would be to take possession or rerent the apartment. However, in Gannett Suburban Newspapers v El-Kam Realty Co. (306 AD2d 312, 314 [2003]), the Appellate Division, Second Department, ruled that a lease clause which merely permits the landlord to deduct its attorney’s fees when calculating the credit to which the tenant would be entitled if the landlord relet the premises, is insufficient to allow for the reimbursement of attorney’s fees incurred in an action or proceeding brought by the landlord (see also Fragiacomo v Pugliese, 11 Misc 3d 96 [App Term, 9th & 10th Jud Dists 2006] [a lease clause that provides that the landlord may recover attorney’s fees as part of the expenses incurred in rerenting is not sufficiently broad to allow the landlord to recover the attorney’s fees incurred in a summary proceeding or other action where no rerenting was involved]; Bender v Niebel, 11 Misc 3d 136[A], 2006 NY Slip Op 50502[U] [App Term, 2d & 11th Jud Dists 2006] [same]; cf. Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989] [“Inasmuch as a promise by one party to a contract to indemnify the other for attorney’s fees incurred in litigation between them is contrary to the well-understood rule that parties are responsible for their own attorney’s fees, the court should not infer a party’s intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise.”]) As this court is bound to follow the precedents set by the Appellate Division, Second Department (Mountain View Coach Lines v Storms, 102 AD2d 663 [1984]), the rule which must be applied here is that a lease clause such as that herein, which does not provide for a right of recovery “in any action or summary proceeding” (Real Property Law § 234) but merely allows for the deduction of the attorney’s fees from the rents received upon reletting, is insufficient to allow an award of attorney’s fees to the landlord. Consequently, since tenants’ entitlement under Real Property Law § 234 to recover their attorney’s fees is “reciprocal” to the landlord’s entitlement to recover its fees under the lease (Solow Mgt. Corp. v Tanger, 19 AD3d 225 [2005]; see e.g. 640 Broadway Renaissance Co. v Rossiter, 256 AD2d 568 [1998]; Cier Indus. Co., 136 AD2d at 150) and since the landlord here would not have had a right to recover attorney’s fees based on paragraph 7 of the lease, tenants’ application, insofar as it was predicated on paragraph 7 of the lease, fails.
*17 Tenants also predicated their application for attorney’s fees upon paragraph 21 of the lease, which provides that in the event tenants fail to comply with the terms of the lease, tenants’ security deposit shall belong to the landlord as part payment of the expenses, including attorney’s fees, incurred by the landlord for the purposes of regaining possession and preparing the same for reletting. Since this provision also does not entitle the landlord to recover attorney’s fees “in any action or summary proceeding” (Real Property Law § 234), but only allows a deduction from the security deposit in the event of repossession, it too is insufficient to trigger the reciprocal entitlement afforded by the statute. Accordingly, tenants’ application for attorney’s fees is denied.
Pesce, P.J., Weston Patterson and Belen, JJ., concur.