DeGrasse, J.
(dissenting). “Legislative enactments in derogation of common law, and especially those creating liability where none previously existed, must be strictly construed” (Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521 [2008]). On the basis of this bedrock principle of statutory construction, I dissent because, in my view, the lease that is before this Court provides no predicate for the reciprocal attorneys’ fees provision under Real Property Law § 234.
*62 After conducting a nonjury trial, Civil Court ruled in favor of tenant to the extent of dismissing the instant holdover petition, found tenant to be entitled to an award of attorneys’ fees under Real Property Law § 223-b but dismissed tenant’s claim for attorneys’ fees under Real Property Law § 234. The Appellate Term modified the Housing Court’s order to the extent of vacating the determination that tenant was entitled to an award of attorneys’ fees pursuant to Real Property Law § 223-b. The issue on this appeal is whether attorneys’ fees are recoverable under either section of the statute.
Real Property Law § 234 enables tenants who prevail in landlord-tenant disputes to recover attorneys’ fees where their leases provide for such recovery by their landlords. The section provides:
“Whenever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorneys’ fees and/or expenses incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease, or that amounts paid by the landlord therefor shall be paid by the tenant as additional rent, there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys’ fees and/or expenses incurred by the tenant as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease, and an agreement that such fees and expenses may be recovered as provided by law in an action commenced against the landlord or by way of counterclaim in any action or summary proceeding commenced by the landlord against the tenant. Any waiver of this section shall be void as against public policy.”
Therefore, under the reciprocal provisions of Real Property Law § 234, a tenant may recover attorneys’ fees only where the lease provides for the landlord’s recovery of such fees (a) in an action or special proceeding or (b) as additional rent. Neither situation is present here. Instead, the parties’ lease provides, in pertinent part:
*63 “15. . . .
“(D) If this Lease is canceled, or Landlord takes back the Apartment, the following takes place:
“(1) Rent and added rent for the unexpired Term is due and payable.
“(2) Landlord may relet the Apartment and anything in it. The reletting may be for any term. Landlord may charge any rent or no rent and give allowances to the new tenant. Landlord may, at Tenant’s expense, do any work Landlord reasonably feels needed to put the Apartment in good repair and prepare it for renting. Tenant stays liable and is not released except as provided by law.
“(3) Any rent received by Landlord for the re-renting shall be used first to pay Landlord’s expenses and second to pay any amounts Tenant owes under this Lease. Landlord’s expenses include the costs of getting possession and re-renting the Apartment, including, but not only reasonable legal fees, brokers fees, cleaning and repairing costs, decorating costs and advertising costs.” (Emphasis added.)
Nothing in the above lease provision provides for tenant’s payment of attorneys’ fees. The language merely provides for an offset of rents collected in the event of a reletting. Therefore, Real Property Law § 234 is inapplicable.
The majority relies on Bunny Realty v Miller (180 AD2d 460 [1st Dept 1992]), in which this Court found that Real Property Law § 234 was applicable, reasoning that a similar reletting expenses provision was “sufficiently broad to allow the landlord to procure counsel fees for any reason, including breach of lease, so long as the ultimate result would be to take possession or re-rent the apartment” (id. at 462-463; see Matter of Casamento v Juaregui, 88 AD3d 345, 356 [2nd Dept 2011] [quoting this portion of Bunny Realty]).
At common law, attorneys’ fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]). After Bunny Realty was handed down, the Court of Appeals decided Gottlieb v Kenneth D. Laub & Co. (82 NY2d 457 [1993]) where it held that a statute providing for an award of attorneys’ fees should be narrowly construed in light *64 of New York’s adherence to the common-law rule disfavoring any award of attorneys’ fees to a prevailing party in litigation (id. at 464-465, citing McKinney’s Cons Laws of NY, Book 1, Statutes § 301 [a]). “ ‘The common law is never abrogated by implication, but on the contrary it must be held no further changed than the clear import of the language used in a statute absolutely requires’ ” (Gottlieb, 82 NY2d at 465, quoting McKinney’s Cons Laws of NY, Book 1, Statutes § 301 [b]). Because the lease in question does not provide for an award of attorneys’ fees, I submit that the majority’s interpretation of Real Property Law § 234 as well as our decision in Bunny Realty cannot be reconciled with the strict construction standard articulated by the Court in Gottlieb. As the majority correctly notes, Real Property Law § 234 is a remedial statute and such statutes are generally construed liberally. However, where, as in this case, “remedial statutes create liability not otherwise existing, or increase common law liability, the rule of liberal construction does not apply, but on the contrary the statute must be followed with strictness” (McKinney’s Cons Laws of NY, Book 1, Statutes § 321).
In Matter of Duell v Condon (84 NY2d 773 [1995]), the Court stated:
“The overriding purpose of Real Property Law § 234 was to level the playing field between landlords and residential tenants, creating a mutual obligation that provides an incentive to resolve disputes quickly and without undue expense. The statute thus grants to the tenant the same benefit the lease imposes in favor of the landlord” {id. at 780).
The result reached by the majority enables tenant to recover attorneys’ fees by virtue of a determination in his favor. At the same time, there can be no doubt that the language of the lease would not have provided for a similar recovery by landlord if it had prevailed. Within the meaning of Duell, the mere possibility of landlord’s offset of reletting expenses can hardly be considered the “same benefit” as today’s outright award of attorneys’ fees to tenant. Today’s ruling makes for the mutuality of a “heads, I win; tails, you still don’t win” coin toss.
I agree with the Appellate Term that there is no basis for an award of attorneys’ fees under Real Property Law § 223-b inasmuch as the statute does not explicitly provide for such relief (see Campbell v Citibank, 302 AD2d 150, 154 [1st Dept 2003]). For these reasons, I would affirm the order of the Appellate Term.
*65 Moskowitz and Gische, JJ., concur with Renwick, J.; Sweeny, J.E, and DeGrasse, J., dissent in an opinion by DeGrasse, J.
Order of the Appellate Term, First Department, entered March 1, 2012, modified, on the law, respondent’s claim for attorneys’ fees pursuant to Real Property Law § 234 granted, and the matter remanded to Civil Court for a hearing to determine the amount of the fees, and otherwise affirmed, without costs.