OPINION OF THE COURT
Per Curiam.
Order dated February 19, 1997 (Jerald R. Klein, J.), modified by granting petitioners’ motion for attorneys’ fees as against respondent landlord and by remanding the matter for an assessment of the amount of reasonable attorneys’ fees incurred; as modified, order affirmed, without costs.
In this HP proceeding for correction of lead paint violations within petitioners tenants’ apartment, landlord stipulated to restore the premises to habitable condition and to temporarily relocate tenants during the abatement process. After completion of the work, tenants sought recovery for their legal expenses incurred in the proceeding. Civil Court denied relief upon the ground that landlord was diligent in correcting the condition, with “minimal if any court intervention” required.
Notwithstanding that the proceeding did not proceed to trial or a final judgment, it was resolved by a court-ordered stipulation wholly favorable to the tenants which secured to them the central relief sought (Nestor v McDowell, 81 NY2d 410, 415-416). Accordingly, tenants should be accorded the status of prevailing parties since they had to resort to legal proceedings and incur legal costs in order to compel landlord’s compliance with its obligations under the Housing Maintenance Code (313 W. 100th St. Tenants Assn. v Kepasi Realty Corp., 143 Misc 2d 566). The attorneys’ fees provision in the 1967 lease carries forward into the statutory tenancy and the successor tenants may properly invoke section 234 of the Real Property Law (Matter of Duell v Condon, 84 NY2d 773). At the hearing which we have directed, the court shall assess the reasonable value of tenants’ attorneys’ services in prosecuting this appeal (Senfeld v I.S.T.A. Holding Co., 235 AD2d 345).
We affirm so much of the order appealed from as denied attorneys’ fees against the municipal respondents. The City was not a party to the stipulations executed below and no relief was obtained against it. The fact that the City was joined as a party respondent and inspected the premises at the court’s request does not give rise to a claim by tenants for legal fees. Any controversy as to the alleged improper use of “funds delivered to the City for purposes of inspecting for lead paint” is not justiciable in the Housing Court. Nor are attorneys’ fees *80 authorized under 42 USC § 1988 since no cognizable 42 USC § 1983 claim was asserted.
Parness, P. J., Freedman and Davis, JJ., concur.