*99 OPINION OF THE COURT
Memorandum.
Judgment unanimously affirmed without costs.
Plaintiff landlord and defendant tenant entered into a lease agreement for the rental of a certain apartment. Pursuant to the lease agreement, plaintiff was entitled to recover attorney’s fees in the event that she was successful in an action relating to the nonpayment of rent or recovery of possession of the premises. After defendant held over, plaintiff commenced a summary holdover proceeding and the parties entered into a stipulation of settlement wherein landlord was awarded a final judgment of possession. No claim for attorney’s fees was raised in that proceeding. Thereafter, plaintiff brought this separate small claims action seeking to recover, pursuant to the lease agreement, the reasonable attorney’s fees incurred in that summary proceeding.
Where attorney’s fees are recoverable as “additional rent” under the lease, the party seeking same can only recover said fees in the action or proceeding in which the claim for rent for the applicable period results in judgment on the merits. Such claim cannot be asserted in subsequent litigation because to do so would constitute an improper splitting of a cause of action (1 Dolan, Rasch’s Landlord and Tenant— Summary Proceedings § 12:6, at 527 [4th ed]). However, where, as in the case at bar, the lease does not provide that attorney’s fees are recoverable as “additional rent,” these fees are not recoverable in a summary proceeding (RPAPL 741 [5]; Binghamton Hous. Auth. v Douglas, 217 AD2d 897 [1995]). Thus, plaintiff could not have sought same in the summary proceeding. In these circumstances, the fact that the stipulation which settled the underlying holdover proceeding made no mention of attorney’s fees did not establish a waiver of plaintiff’s right to recover same.
Furthermore, we note that, in the underlying holdover proceeding, plaintiff successfully sought to recover possession as well as use and occupancy since May 2002. Inasmuch as the parties entered into a stipulation of settlement whereby plaintiff prevailed on the “central relief sought,” plaintiff is entitled to attorney’s fees pursuant to the attorney’s fees clause in the lease (see Rosario v 288 St. Nicholas Realty, 177 Misc 2d 78 [1998]; cf. Nestor v McDowell, 81 NY2d 410 [1993]).
*100 Accordingly, the lower court’s judgment in favor of plaintiff rendered substantial justice between the parties in accordance with the rules and principles of substantive law (UDCA 1807).
McCabe, EJ., Rudolph and Angiolillo, JJ., concur.