■ BOARD OF DIRECTORS OF WINDSOR OWNERS CORP., Respondent, v ELAINE PLATT, Appellant. [49 NYS3d 293]—

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about May 17, 2016, which, to the extent appealed from, granted plaintiff's motion to hold defendant in civil contempt for violation of a permanent injunction order, unanimously affirmed, without costs.

This appeal is based on admitted disclosures of attorney/client communications by defendant Platt—a former board member of plaintiff Board of Directors of Windsor Owners Corp. (Board)—to a cooperative shareholder and Platt's violation of a permanent injunction order that specifically enjoined her from making such disclosures.

The vast majority of defendant's arguments on appeal are an impermissible collateral attack on the underlying permanent injunction order, from which she did not appeal. The validity of an order underlying a contempt proceeding may not be attacked except on the ground that the court entering it was without jurisdiction to do so or that the order had been stayed (see e.g. Gottlieb v Gottlieb, 137 AD3d 614, 618 [1st Dept 2016]; Seril v Belnord Tenants Assn., 139 AD2d 401, 401 [1st Dept 1988]). Accordingly, defendant's arguments designed to collaterally attack the preliminary injunction order will not be entertained.

Defendant's contentions that she should not be held in contempt for violating the permanent injunction order also fail. There is no legitimate defense to defendant's violation of the literal terms of the permanent injunction order, which she fully admits. Judiciary Law § 753 does not require a showing of wilfulness or monetary harm as a precondition to a finding of civil contempt (see also El-Dehdan v El-Dehdan, 26 NY3d 19, 34-36 [2015]). Indeed, in El-Dehdan, the Court of Appeals specifically stated that the Court had "not imposed a wilfulness requirement" for a civil contempt finding (id. at 34).

Platt's arguments based on a lack of harm to the Board also fail. Civil contempt is established, regardless of the contemnor's motive, when "disobedience of the court's order 'defeats, impairs, impedes, or prejudices the rights or remedies of a party' " (El-Dehdan, 26 NY3d at 35). The motion court determined that plaintiff showed that it suffered potential harm from Platt's disclosures and that Platt's disclosures to Mazzocchi had strengthened his lawsuits against the Board and caused the Board to incur additional legal fees in defending against them. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Webber and Gesmer, JJ.

Motion to strike reply brief denied as moot.