Boucan NYC Café, LLC v 467 Rogers, LLC (2019 NY Slip Op 00416)





Boucan NYC Café, LLC v 467 Rogers, LLC


2019 NY Slip Op 00416


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-11329
 (Index No. 513856/17)

[*1]Boucan NYC Café, LLC, respondent, 
v
467 Rogers, LLC, appellant.


Angelyn D. Johnson & Associates, LLC (Alter & Barbaro, Brooklyn, NY [Bernard Mitchell Alter and Do Lee], of counsel), for appellant.
Adam Kalish (Treybich Law, P.C., New York, NY [Michael Treybich], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated October 25, 2017. The order, insofar as appealed from, granted the plaintiff's motion to hold the defendant in contempt for failure to comply with an order of the same court dated August 16, 2017.
ORDERED that the order dated October 25, 2017, is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion to hold the defendant in contempt for failure to comply with the order dated August 16, 2017, is denied.
On May 1, 2016, the plaintiff leased commercial premises owned by the defendant. On July 13, 2017, the plaintiff commenced this action against the defendant, inter alia, to recover damages for partial eviction and breach of contract. On August 2, 2017, the defendant allegedly changed the locks to the premises and refused to allow the plaintiff access to the premises. By order to show cause dated August 9, 2017, the plaintiff moved for a preliminary injunction and a temporary restraining order against the defendant. By order dated August 16, 2017, the Supreme Court granted the motion, directing the defendant to provide the plaintiff the keys to the premises on August 17, 2017. On August 23, 2017, the plaintiff moved to hold the defendant in contempt for failure to comply with the order dated August 16, 2017, and by order dated October 25, 2017, the Supreme Court granted the plaintiff's motion. The defendant appeals.
We agree with the defendant's contention that the service requirements set forth in the order to show cause dated August 9, 2017, were jurisdictional in nature. The plaintiff's undisputed failure to comply with these requirements by serving the order to show cause pursuant to CPLR 308(4), instead of CPLR 311-a, deprived the Supreme Court of jurisdiction to entertain the plaintiff's order to show cause in the order dated August 16, 2017 (see Gonzalez v Haniff, 144 AD3d 1087). Contrary to the plaintiff's contention, the defendant may challenge the validity of the order dated August 16, 2017, on the ground that the court was without jurisdiction to enter the order (see Board of Directors of Windsor Owners Corp. v Platt, 148 AD3d 645). Accordingly, the plaintiff's motion to hold the defendant in contempt for failure to comply with the order dated August 16, 2017, should have been denied.
In light of our determination, we need not address the defendant's remaining contentions.
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court