Hartman v WVH Hous. Dev. Fund Corp. (2022 NY Slip Op
51032(U))

[*1]

Hartman v WVH Hous. Dev. Fund Corp.

2022 NY Slip Op 51032(U) [76 Misc 3d 138(A)]

Decided on October 24, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 24, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570106/21

Nicholas P. Hartman and Toni
Allocca, Petitioners-Respondents, 
against
WVH Housing Development Fund Corporation,
Respondent-Appellant, and Department of Housing Preservation and
Development, Co-Respondent.

Respondent WVH Housing Development Fund Corporation, as limited by its brief,
appeals from that portion an order of the Civil Court of the City of New York, New York
County (Frances A. Ortiz, J.), dated October 25, 2021, which granted the petitioners'
motion for attorneys' fees and set the matter down for a hearing.

Per Curiam.
Order (Frances A. Ortiz, J.), dated October 25, 2021, insofar as appealed from,
affirmed, with $10 costs.
Petitioners, the shareholders and tenants of respondent WVH Housing Development
Fund Corporation, were properly awarded attorney's fees in this HP proceeding. In an
unappealed decision and order, Civil Court (Jack Stoller, J.), found, among other things,
the existence of hazardous violations based on mold conditions in the petitioners'
apartments, which were caused by a compromised concrete slab beneath the subject
premises and resultant water intrusion. After Civil Court directed respondent-landlord to
correct these conditions, petitioners achieved prevailing party status "since they had to
resort to legal proceedings and incur legal costs in order to compel landlord's compliance
with the Housing Maintenance Code" (Rosario v 288 St. Nicholas Realty, 177
Misc 2d 78 [App Term, 1st Dept 1998]). Paragraph 28 of the governing lease agreement
was sufficiently broad to trigger a reciprocal right to attorneys' fees in petitioners' favor
pursuant to Real Property Law § 234 (see Matter of 251 CPW Hous. LLC v Pastreich, 124 AD3d
401 [2015]; Graham Ct.
Owner's Corp. v Taylor, 115 AD3d 50 [2014], affd 24 NY3d 742
[2015]; 65 W.E. Assoc. v Gari, 42 Misc 3d 129[A], 2013 NY Slip Op [*2]52182[U] [App Term, 1st Dept 2013]; 354 E. 66th St. Realty Corp. v
Curry, 40 Misc 3d 20 [App Term, 1st Dept 2013]).
Contrary to the respondent's contention, petitioners were awarded the "central relief"
sought in this HP proceeding (Nestor v McDowell, 81 NY2d 410, 416 [1993])
and the result was substantially favorable to petitioners (see Walentas v Johnes,
257 AD2d 352, 354 [1999], lv dismissed 93 NY2d 958 [1999]). The "core" of
the parties' dispute, acknowledged by both the hearing and motion courts, was an order to
correct and abate, which is precisely what was awarded.
Respondent's argument that it is not responsible for abating the mold conditions
constitutes an impermissible collateral attack on the underlying decision and order of
Judge Stoller, from which it did not appeal (see Board of Directors of Windsor Owners Corp. v Platt, 148
AD3d 645, 646 [2017]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: October 24, 2022